THE STATE OF OHIO, APPELLEE, *v.*
STEEN, APPELLANT.

(No. 15-83-10—Decided July 17, 1984.)

*Stephen E. Keister,* prosecuting attorney, and *Charles F. Koch,* for appellee.

*Kevin H. Taylor,* for appellant.

COLE, J. This is an appeal by defendant, David E. Steen, from a judgment of conviction and sentence for a violation of R.C. 2911.12 (burglary).

On October 26, 1982, between 12:30 p.m. and 1:00 p.m. the office of Dr. Merrill Osborn was entered by force, drawers in the receptionist's desk were opened, desks were ransacked, and between $80 and $85 in cash was stolen. The defendant and his brother were both tried and convicted for this destruction and theft.

Defendant claims that because no one was present at the time of the offense, that the building was an "unoccupied structure" within the meaning of the statute. For this reason, defendant asserts as his sole assignment of error that the burglary conviction was against the manifest weight of the evidence.

R.C. 2911.12, as it existed at the time of the offense in question, stated:

"(A) No person, by force, stealth, or deception, shall trespass in an occupied structure as defined in section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense as defined in section 2913.01 of the Revised Code, or any felony.

"(B) Whoever violates this section is guilty of burglary, a felony of the second degree."

R.C. 2909.01 defines "occupied structure" as pertinent to the case *sub judice* as follows:

"As used in sections 2909.01 to 2909.07 of the Revised Code, an 'occupied structure' is any house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter, or any portion thereof, to which any of the following applies:

"* * *

"(D) In which at the time any person is present or likely to be present."

This court decided this identical issue in the companion case of *State* v. *Steen* (Jan. 16, 1984), Van Wert App. No. 15-83-4, unreported, which involved defendant's brother. In that case we held:

"The evidence was that though the doctor and his employees were not present in the building constituting the doctor's office at the time the alleged burglary took place, the waiting room of the office remained unlocked and open to accommodate any patients who wished to enter the office awaiting their return. Thus, it appears that at the time the office was entered and the theft took

place persons were likely to be present. Accordingly the doctor's office was an occupied structure within the meaning of R.C. 2911.12 and R.C. 2909.01."

The same rationale is applicable in the present case as well.

Additionally, the record demonstrates that the offense occurred during the daytime during normal business hours and that three women worked in the office, one of which was the insurance secretary. She testified that she had a very flexible schedule and worked whatever hours were most convenient for her. At times she worked during the time of day the offense in question occurred. All these factors tend to indicate that a person was likely to be present on the premises.

There was testimony that the waiting room area where the illegal entry was in fact made was open for patients all during the noon hour and their presence was anticipated, as evidenced by the presence of a TV set.

There was also testimony that the doctor himself would occasionally stop in the office between the 12:30 p.m. and 1:00 p.m. time span.

From all the evidence preserved in the record we conclude that it was likely for a person to be present on the premises involved and therefore it was proper for the trial court to find that the doctor's office was an occupied structure.

However, in addition we note that we have before us here only a partial transcript of testimony. The question raised bears essentially upon the weight of the evidence and is factual in nature. The question is: was there evidence establishing the existence of an occupied structure? In App. R. 9 it is stated:

"* * * If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, he shall include in the record a transcript of all evidence relevant to such findings or conclusion. * * *"

There is nothing in the record to show that the partial transcript contains all such relevant evidence. It is the duty of appellant to affirmatively establish the asserted error and in the absence of some demonstration that all evidence relevant to the issue is before us we cannot conclude the judgment was against the manifest weight of the evidence.

We find this assignment of error to be without merit and affirm the judgment accordingly.

*Judgment affirmed.*

MILLER, P.J., and GUERNSEY, J., concur.