DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Timothy Hall appeals from a judgment of the Wadsworth Municipal Court that convicted him of domestic violence. This Court affirms.
Hall was charged with domestic violence, a violation of R.C.2919.25(A). The alleged victim of the crime was Debbie Williams, Hall's then live-in girlfriend. Hall appeared for a bench trial on December 9, 1996. During the recross-examination of the state's first witness, both defense counsel and the witness apparently "used inappropriate language for the courtroom." Through a journal entry, the trial court indicated that, rather than holding either defense counsel or the witness in contempt, it continued the case until a later date. The next day, the trial court ordered that the trial would be continued until January 17, 1997. Neither party raised a timely objection to the continuance.
During early January 1997, the original trial judge assumed his newly elected position as a common pleas judge. Consequently, a new municipal judge was assigned to hear Hall's case. Hall moved the trial court to dismiss the charge against him on double jeopardy grounds. He contended that, because the trial court had continued the trial beyond the term of the original judge, it essentially declared a mistrial and any retrial of him would constitute double jeopardy. The trial court denied the motion. Following completion of the trial, Hall was convicted of domestic violence.
Hall appeals and raises three assignments of error.
Hall's first assignment of error is that the trial court violated the constitutional prohibition against double jeopardy when it stopped the trial on December 9, 1996 and continued it to a later date. Hall's position is two-pronged. First, he argues that when the trial court continued the case, it essentially declared a mistrial. Second, he asserts that, given inadequate grounds for the mistrial, his "retrial" was unconstitutional.
Hall does not even attempt to support the first prong of his argument. He has not cited any legal authority or facts in the record to support his argument that the continuance was actually a mistrial. See App.R. 16(A)(7). Although this Court is not inclined to make Hall's argument for him, it has reviewed the record for error. The videotape recording of the December 9, 1996 hearing is almost completely inaudible. Hall's statement of the evidence, submitted pursuant to App.R. 9(C), fails to detail what transpired during this portion of the trial. Through its December 9, 1996 journal entry, the trial court explicitly indicated that it had "continued" the case, not that it declared a mistrial. Because there is nothing in the record to support Hall's characterization of the continuance as a mistrial, Hall's first assignment of error is overruled.
Hall's second assignment of error is that, even if the trial court had authority to proceed with the trial after the continuance, it should have tried him de novo, given that a different judge was presiding and one witness had already testified. Hall contends that, because the videotape recording is largely inaudible, "the new trial judge, as the new trier of fact, could not have fully familiarized himself with the prior testimony[.]" To establish reversible error, however, the record must demonstrate "not only that error intervened but that such error was to the prejudice of the party seeking such reversal."Smith v. Flesher (1967), 12 Ohio St.2d 107, paragraph one of the syllabus. Because Hall has failed to provide us with a record of the December 9, 1996 testimony, however, he has not shown this Court what testimony the new judge allegedly missed. Even if this Court could accept Hall's presumption that the videotape recording of the December 9, 1996 hearing, found to be inaudible after completion of the trial, was also inaudible at the time the new trial judge assumed responsibility for this case, Hall has failed to demonstrate how he was prejudiced by any failure of the new judge to hear the prior testimony of the first witness. Hall's second assignment of error is overruled.
Hall's third assignment of error is that his conviction was not supported by sufficient evidence. He specifically contends that the state presented no evidence that the victim was his family or household member. Because there is nothing in record to indicate that Hall moved for a judgment of acquittal pursuant to Crim.R. 29, he waived this challenge on appeal. See State v. Roe
(1989), 41 Ohio St.3d 18, 25, certiorari denied (1990)495 U.S. 941, 109 L.Ed.2d 523. Even if Hall had preserved this issue for appellate review, he fails to demonstrate that his conviction was not supported by the evidence.
Hall was convicted of domestic violence, in violation of R.C.2919.25(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." "Family or household member" includes a person who is "living as a spouse," or cohabiting, with the offender. R.C.2919.25(E)(1)(a)(i); R.C. 2919.25(E)(2).
Hall's trial was recorded on videotape. The videotape was properly filed as the transcript of proceedings. See App.R. 9(A). Hall attempted to have the videotape transcribed by the court reporter, but the videotape was found to be largely inaudible. Consequently, Hall sought to supplement the record by preparing a statement of the evidence pursuant to App.R. 9(C). As required by App.R. 9(C), Hall submitted the statement to the state for objections and, the state having raised no objections, the trial court thereafter approved it. The statement was then filed by the clerk of the trial court to be "included * * * in the record on appeal."
Hall asserts that, because the statement of the evidence fails to indicate that any evidence was presented that he and Williams resided together, no such evidence was presented and his conviction must be reversed. The state, on the other hand, asserts that Hall's statement of the evidence is obviously incomplete and cannot support his challenge on this particular issue.
Although an App.R. 9(C) statement may be used in lieu of a transcript where a transcript is unavailable, "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence * * *, [h]e shall include in the record * * * all evidence relevant to such findings or conclusion." App.R. 9(B). "An appellate record should recite or summarize the underlying evidence, if the parties seek appellate review of factual issues." Associated Estates Corp. v. Fellows (1983),11 Ohio App.3d 112, 114. In the absence of all the relevant evidence, this Court must indulge the presumption of regularity of the proceedings and the validity of the judgment in the trial court. See Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199.
The statement of evidence Hall submitted pursuant to App.R. 9(C) is something akin to a partial transcript of proceedings, for it is obviously not a complete recitation of all the evidence presented. Although twelve witnesses testified, the statement of evidence is only two and a half pages long. The statement fails to even describe the testimony of several of the witnesses. The testimony of the key witnesses, including the victim and Hall, is summarized in a few sentences, indicating the overall gist of the testimony, but not the specific substance. Just as if Hall were challenging a factual finding with a partial transcript, he must demonstrate that his partial record includes all the evidence relevant to the challenged finding. See State v. Steen (1984),18 Ohio App.3d 68, 69. The statement of evidence does not indicate that it includes all the evidence on the cohabitation issue nor does it state that no evidence was presented on that issue.
The state asserts that such evidence was presented, but that Hall failed to detail it in his statement of evidence. That assertion is confirmed by a review of the audible portions of the videotape. Although portions of the videotape are not audible, other portions of it are. The audible portions include the testimony of Williams that she and Hall were residing together in a sexual relationship at the time of the incident.
Hall suggests that the state somehow waived any challenge to his exclusion of evidence from the App.R. 9(C) statement because it failed to raise objections. Because Hall's statement contained nothing untrue, however, the state had no basis to raise an objection. Moreover, the videotape transcript was properly filed with this Court and the fact that Hall supplemented the record with an App.R. 9(C) statement does not preclude this Court from reviewing the videotape as well.
Hall has failed to demonstrate that the trial court lacked sufficient evidence to find that Williams was his "family or household member" at the time of his crime against her. Hall's third assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Wadsworth Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. ___________________________ WILLIAM R. BAIRD, FOR THE COURT
SLABY, P. J.
MILLIGAN, J., CONCUR
(Milligan, J., retired Judge of the Fifth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)