OPINION.
{¶ 1} Defendant-appellant Andre Crawford challenges his conviction and sentence, following a trial to a jury, on two counts of burglary, in violation of R.C. 2911.11(A)(1). In four interrelated assignments of error, Crawford attacks the admissibility and the sufficiency of the evidence produced to prove that he had committed burglaries at two downtown department stores during business hours. Finding no errors leading to the adjudication of guilt for burglary in count two, that part of the trial court's judgment is affirmed. In a final assignment of error, Crawford correctly notes that the judgment entry wrongly identifies the conviction on count three as one for "aggravated burglary." Therefore, that part of the judgment must be reversed and this cause remanded for correction of the clerical error.
 {¶ 2} Crawford was indicted on two counts of burglary and one count of aggravated burglary. The charges stemmed from three separate incidents of theft from downtown Cincinnati department stores in the summer of 1998.[1] The first count of burglary involved the theft of a VCR from a Saks Fifth Avenue store. The jury acquitted Crawford of this offense.
 {¶ 3} The second count alleged that Crawford had committed another burglary at the Saks store. Crawford had entered an employees-only locker area and stolen the coat, black tote bag, shoes, and sunglasses of employee Carolyn Kaster. A store employee alerted security guard Jordan Walls that Crawford was entering employee-only areas. Responding to the report, Walls observed Crawford carrying an empty black backpack, entering the locker area, and then exiting from the building carrying a full backpack and a black tote bag.
 {¶ 4} The third count of the indictment alleged that Crawford had committed aggravated burglary at a Lazarus store. A store employee had alerted security guard Steven Simpson that an unfamiliar person was exiting from an employee-only stock room. Simpson used the store's surveillance system to observe Crawford standing in front of an elevator and carrying two large Lazarus shopping bags. Following a struggle with store employees, Crawford was apprehended. The shopping bags contained 55 pairs of Tommy Hilfiger pajamas of varying sizes and four men's dress shirts. The pajamas were missing from the stock room that Crawford was seen leaving. Crawford was also wearing a Lazarus men's suit over his clothes. The jury acquitted Crawford of aggravated burglary, finding him guilty instead of the lesser-included offense of burglary. Following trial, the trial court imposed concurrent eight-year prison terms for the two burglary offenses.
 {¶ 5} In his first assignment of error, Crawford argues that the trial court erred when it failed to instruct the jury on the element of burglary requiring the state to prove the presence of another person. Crawford was ultimately convicted of two counts of burglary, punishable as felonies of the second degree under R.C. 2911.12(A)(1). That section provides the following: "(A) No person, by force, stealth, or deception, shall do any of the following: (1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of theoffender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense * * *." (Emphasis added.) Crawford argues that the trial court's failure to instruct on the presence-of-another element relieved the state of the burden to prove each statutory element beyond a reasonable doubt. See Inre Winship (1970), 397 U.S. 358, 90 S.Ct. 1068.
 {¶ 6} The trial court did omit the presence-of-another element from its jury charge on burglary.[2] But Crawford did not object in a timely manner to the instruction actually given. The failure to object to jury instructions at a time when an error could have been avoided or corrected by the trial court operates to waive consideration of the error on appeal, unless, but for the error, the outcome of the trial clearly would have been otherwise. See Crim.R. 30(A); see, also, State v.Underwood (1983), 3 Ohio St.3d 12, 444 N.E.2d 1332, syllabus;State v. Hill, 73 Ohio St.3d 433, 437, 1995-Ohio-287,653 N.E.2d 271.
 {¶ 7} The trial court's omission did not clearly affect the outcome of the trial. First, the trial record includes ample evidence that other persons were present in the department stores while the theft offenses were committed during regular business hours. Next, any prejudice to Crawford was cured when the trial court, after incorrectly omitting the presence-of-another element from the burglary instruction, included it in its subsequent definition of occupied structure. See State v. Keeling, 1st Dist. No. C-010610, 2002-Ohio-3299, at ¶ 29. The trial court informed the jury that to find that the department store was an occupied structure required proof that persons were present or likely to be present in the structure. The assignment of error is overruled.
 {¶ 8} Crawford next argues that the trial court erroneously admitted into evidence the hearsay statements of the two store employees who alerted the security officers that Crawford was trespassing in employee-only areas. Crawford did not object to the admission of these statements. Error cannot be predicated on a ruling that admits evidence without objection unless the ruling affects a substantial right of the defendant. See Evid.R. 103(A); see, also, Crim.R. 52(A); State v. Sutorius (1997),122 Ohio App.3d 1, 701 N.E.2d 1.
 {¶ 9} As the employee statements were admissible at trial under the present-sense-impression exception to the hearsay rule, the admission of this testimony did not deprive Crawford of a substantial right and certainly did not rise to the level of plain error. See Evid.R. 103(D) and 803(1). Evid.R. 803(1) provides a hearsay exception for an out-of-court statement "describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter unless circumstances indicate lack of trustworthiness." Both security officers testified in court that they received telephone reports of Crawford's suspicious behavior from store employees in accordance with store policy. The record reflects that both statements were made as the employees perceived Crawford entering or leaving employee-only areas of the stores or immediately thereafter. See State v. Penland (1998),132 Ohio App.3d 176, 183, 724 N.E.2d 841. The second assignment of error is overruled.
 {¶ 10} In his third assignment of error, Crawford reiterates the arguments raised in the first assignment and contests the sufficiency of the evidence adduced to support the presence-of-another element of his burglary convictions. The assignment of error is overruled, as the record contains substantial, credible evidence from which the trier of fact could have concluded that the state had proved all elements of the charged crimes beyond a reasonable doubt. See State v. Waddy
(1991), 63 Ohio St.3d 424, 588 N.E.2d 819, certiorari denied (1992), 506 U.S. 921, 113 S.Ct. 338.
 {¶ 11} Specifically, the record shows that other persons were present in the department stores when Crawford trespassed and committed the theft offenses. Without any authority to support his contention that the state was required to prove that other persons were present in the employee-only areas rather than in the stores generally, we must give the words of the statute their ordinary meaning. When other persons are present in the occupied structure, the element is satisfied. The "separately occupied portion of an occupied structure" phrase in R.C. 2912.11(A)(1) modifies the verb "trespass," not the presence-of-another phrase. For example, a defendant was held to have committed burglary when he entered a doctor's private office to commit a theft offense. The evidence showed that the private office was unoccupied, but that the adjacent, unlocked waiting room was open to accommodate arriving patients during the lunch hour, making the office an occupied structure within the meaning of R.C. 2909.01 and2911.12. See State v. Steen (1984), 18 Ohio App.3d 68,480 N.E.2d 828.
 {¶ 12} Patrons were present throughout the department stores. The evidence that alerted the security guards to Crawford came from employees who had seen him in employee-only areas. The presence of other persons in proximity to Crawford when he was entering the employee-only areas fulfilled the presence-of-another requirement of the statute, which punishes criminal behavior that involves the "serious risk of harm created by the actual or likely presence of a person in a structure of any nature." State v. Green (1984), 18 Ohio App.3d 69, 71,480 N.E.2d 1128.
 {¶ 13} In his fourth assignment of error, Crawford argues that his trial counsel's failure to object to the state's admission of the hearsay statements of the store employees reported to the security officers denied him the effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution.
 {¶ 14} After reviewing the entire record, and in light of the resolution of the second assignment of error in which we identified the statements as admissible under the present-sense exception to the hearsay rule, we hold that counsel's efforts were not deficient and that Crawford was not prejudiced in any way. See Lockhart v. Fretwell (1993), 506 U.S. 364, 370,113 S.Ct. 838; see, also, Strickland v. Washington (1984),466 U.S. 688, 104 S.Ct. 2052. Moreover, trial counsel was able to obtain an acquittal on one of the burglary charges against Crawford. The fourth assignment of error is overruled.
 {¶ 15} In his final assignment of error, Crawford argues that the judgment entry erroneously indicates that Crawford had been found guilty of aggravated burglary in count three. As the state concedes, there is no doubt that the trial court understood that the jury's guilty verdict on count three involved the lesser-included offense of burglary. Nonetheless, as a court speaks only through its journal, we sustain the fifth assignment of error. See State v. Todd, 1st Dist. No. C-020559, 2003-Ohio-3056, at ¶ 17; see, also, State v. King,70 Ohio St.3d 158, 162, 1994-Ohio-412, 637 N.E.2d 903.
 {¶ 16} Therefore, we reverse the erroneous aggravated-burglary conviction entered on count three and remand this case to the trial court so that it can correct the clerical error. The judgment of the trial court is otherwise affirmed.
Judgment accordingly.
Winkler, P.J., and Sundermann, J., concur.
[1] Crawford did not seek a timely appeal of the conviction. His initial motion for a delayed appeal made eighteen months after his conviction was denied. Crawford then sought relief in federal court. Pursuant to an order of the United States District Court granting a writ of habeas corpus, this court granted leave for a delayed appeal on August 8, 2003. See App.R. 5.
[2] The indictment correctly included the presence-of-another element.