DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the judgment of the Lucas County Court of Common Pleas which, on June 28, 2005, following pleas of no contest, found appellant, Lewis F. Rohda, Jr., guilty of one count of burglary, in violation of R.C. 2911.12(A)(3), a felony of the third degree, and guilty of attempted grand theft of a motor vehicle, in violation of R.C. 2923.02, a felony of the fifth degree. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On appeal, appellant raises the following as his sole assignment of error:
 {¶ 3} "The trial court erred in accepting appellant's pleas of no contest when, before accepting the pleas, the trial court misinformed the appellant of the consequences of entering said pleas pursuant to Crim.R. 11."
 {¶ 4} Appellant argues that his plea was not knowingly, intelligently, and voluntarily made because the trial court misinformed him regarding the effects of his no contest pleas and failed to inform him that the court's finding of guilt would be based upon the sufficiency of the indictment. Appellant further asserts that the statement made by the prosecutor regarding the burglary charge was not sufficient to support a finding of guilty. Appellant asks that his no contest plea be set aside and "that his case be remanded for another hearing at which he may plead anew."
 {¶ 5} The pertinent facts in this case are as follows. On February 8, 2005, appellant was indicted on one count of burglary, in violation of R.C. 2911.12(A)(2), a felony of the second degree. The indictment stated that appellant "on or about the 29th day of January, 2005, in Lucas County, Ohio, by force, stealth, or deception, did trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that was at that time a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense * * *."
 {¶ 6} On February 15, 2005, under a separate case number, appellant was also indicted on one count of grand theft of a motor vehicle, in violation of R.C. 2913.02(A)(1) and (B)(5), a felony of the fourth degree. The February 15, 2005 indictment stated that appellant "on or about the 17th day of January, 2005, in Lucas County, Ohio, with purpose to deprive the owner of property or services, did knowingly obtain or exert control over either the property or services without the consent of the owner or person authorized to give consent, and the property stolen was a motor vehicle * * *."
 {¶ 7} On June 28, 2005, appellant indicated his desire to enter a plea of no contest to burglary and attempted grand theft of a motor vehicle. The trial court addressed appellant and informed him of the charges against him, the potential penalties, his right to a trial, where the state would have to prove his guilt beyond a reasonable doubt, his rights to a jury, to confront and cross-examine witnesses, to call his own witnesses, and that he could not be forced to testify against himself. The trial court also stated:
 {¶ 8} "Now, in a plea of no contest * * * there's not an admission of guilt, but there is an admission of the truth of the facts as alleged in each of these two separate cases. By tendering these two separate pleas, you consent to the court making findings of guilty or not guilty based upon explanations of the circumstances surrounding each offense by the prosecutor. * * *
 {¶ 9} "Now, if I accept these pleas and I intend to do so I want you to understand that in all probability you will be found guilty of these separate charges and you will be sentenced as if in fact guilty of these separate charges. * * *
 {¶ 10} "Madam Prosecutor, at this time the court will receive statements of facts from you to include the elements of the crimes to which the no contest pleas have been tendered and based upon your statements, the court will make and base its own findings here."
 {¶ 11} With respect to the burglary charge, the prosecutor stated the following:
 {¶ 12} "Now, for case CR05-1273, the defendant — the victim in this case was John Dial. Mr. Dial returned home from work and noticed that his front porch and interior window were open. He noticed that several properties was missing from his home. The — he called the police. Officers came out and they actually followed a set of footprints from Mr. Dial's location to 1437 Oak, where — where some of the property was located.
 {¶ 13} "Then they continued to following the footprints to 1335 Oak, Apartment A, where they knocked on the door and they heard people running around in it, inside the house. They coded then on who is Jodi Specht, who has already pled, opened the door and when they came in, the officers noticed in plain view items the burglary, evidence from the Dial residence which is located at 1506 Pool in Lucas County, Ohio. The — and the defendant was actually found hiding in the attic in that residence."
 {¶ 14} In addition to the comments made by the court and the prosecutor, appellant stated that he read the two no contest plea forms, reviewed them with his lawyer, and signed them. Each form stated, in pertinent part:
 {¶ 15} "By pleading no contest I understand the Court will decide my guilt on offenses to which I have pled based upon the facts as set forth in the indictment and upon the prosecutor's statement about the evidence which would have been presented at trial."
 {¶ 16} The Ohio Supreme Court has stated that "where the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense." State v. Bird (1998),81 Ohio St.3d 582, 584, citing State ex rel. Stern v. Mascio (1996),75 Ohio St.3d 422, 425. Crim.R. 11(C)(2), however, first requires the trial judge to personally inform the defendant of the constitutional guarantees he waives by entering a plea of no contest. State v.Lamb, 156 Ohio App.3d 128, 2004-Ohio-474, ¶ 13. The record must show that the defendant voluntarily and knowingly waived his constitutional rights, those being "(1) the Fifth Amendment privilege against compulsory self-incrimination, (2) the right to trial by jury, and (3) the right to confront one's accusers." State v. Nero (1990),56 Ohio St.3d 106, 107, citing Boykin v. Alabama (1969), 395 U.S. 238, 242-243.
 {¶ 17} In addition, Crim.R. 11(C)(2)(b) requires that the court inform the defendant of and determine that "the defendant understands the effect of the plea of * * * no contest." The effect of a plea of no contest is that it "is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint." Crim.R. 11(B)(2).
 {¶ 18} Although literal compliance with Crim.R. 11 is "certainly the preferred practice," the Supreme Court of Ohio only requires substantial compliance with Crim.R. 11(C) with respect to nonconstitutional rights.State v. Stewart (1977), 51 Ohio St.2d 86, 93. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Nero at 108. The reviewing court should focus not on whether the trial court recited the words of Crim.R. 11(C), but rather on whether the record shows that "the trial court explained or referred to the right in a manner reasonably intelligible to that defendant."State v. Ballard (1981), 66 Ohio St.2d 473, 480.
 {¶ 19} Even if a court fails to adhere to Crim.R. 11(C)(2), a defendant must nevertheless demonstrate that he was prejudiced by this failure. Stewart, supra, at 93. In determining prejudice, "[t]he test is whether the plea would have otherwise been made." Nero, supra, at 108.
 {¶ 20} Appellant does not dispute that the charges stated in the indictment were sufficient in law to support the court's finding of guilt. Rather, appellant argues that the trial court misinformed appellant that the finding of guilt would be based upon the prosecutor's presentation of the facts. Appellant alleges that, because the prosecutor's oral statement failed to specify each element of the burglary charge,[1] he was mislead and prejudiced.
 {¶ 21} Whereas R.C. 2937.07, with respect to "no contest" pleas in misdemeanor cases, requires an "explanation of the circumstances of the offense," the court accepting a plea of "no contest" in a felony case "is not required to have before it a statement of the particular conduct constituting the alleged offense." State v. Cooper, 2d Dist. No. 21444,2006-Ohio-4004, ¶ 6. "However, if the prosecutor presents a statement of facts and those facts positively contradict the felony charged in the indictment by negating an element essential to commission of the offense alleged, the court cannot make a finding of guilt on the basis of the charges alleged in the indictment." Id., citing State v. Wooldridge
(Oct. 6, 2000), Montgomery App. No. 18086; State v. Lowe (Mar. 24, 1995), Miami App. No. 93-CA-54, 93-CA-55; State v. Cohen (1978),60 Ohio App.2d 182.
 {¶ 22} In this case, we find that the trial court substantially complied with the requirements of Crim.R. 11(C)(2)(b). Although the trial court did not specify that a plea of no contest is an admission of the truth of the facts alleged in the "indictment," the trial court did state that it "is an admission of the truth of the facts as alleged in each of these two separate cases." Additionally, the plea forms, which appellant indicated he reviewed with counsel, and understood, both stated "[b]y pleading no contest I understand the Court will decide my guilt on offenses to which I have pled based upon the facts as set forthin the indictment and upon the prosecutor's statement about the evidence which would have been presented at trial." (Emphasis added.)
 {¶ 23} Under the totality of the circumstances, we find that appellant subjectively understood the implications of his no contest plea and the rights he was waiving. Furthermore, even though the trial court did not need a statement from the prosecutor to enter a finding of guilt, we find that the trial court did not err in informing appellant that such would be considered.
 {¶ 24} Appellant argues that based upon the prosecutor's insufficient statement, a finding of guilt as to the burglary charge was erroneous. The elements of burglary set forth in R.C. 2911.12(A)(3) state that "(A) No person, by force, stealth, or deception, shall do any of the following: * * * (3) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense." Appellant argues that the prosecutor's statement failed to allege (1) a date and time at which the burglary took place; (2) that appellant had ever actually been to the burglarized home in question; and (3) that appellant had the "purpose to commit in the structure * * * any criminal offense." We disagree.
 {¶ 25} The prosecutor's statement demonstrated that the police followed footprints from the burglarized home to a location where stolen property was located and appellant was found hiding. Although circumstantial, we find that such evidence does not "positively contradict" the elements of burglary. See Cooper, supra.
 {¶ 26} Based on the foregoing, we find that appellant was not mislead or prejudiced by the trial court. Appellant was informed and stated that he understood that a no contest plea was an admission of the truth of the facts as alleged and that the trial court would make findings of guilt based upon the circumstances presented. Having considered the facts set forth in the indictment and the prosecutor's statements, and finding no deficiency with either, we find that the trial court correctly entered findings of guilty as a result of appellant's no contest pleas. Appellant's sole assignment of error is therefore found not well-taken.
 {¶ 27} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
[1] Appellant does not contest the prosecutor's statement regarding the offense of attempted grand theft of a motor vehicle.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J.
Arlene Singer, P.J.
William J. Skow, J.
CONCUR.