OPINION
{¶ 1} Defendant-appellant, Jtton Watson, appeals his conviction in the Clinton County Court of Common Pleas for kidnapping and felonious assault.
 {¶ 2} On December 8, 2005, appellant was indicted by a grand jury for kidnapping in violation of R.C. 2905.01(A)(3) and felonious assault in violation of R.C. 2903.11(A)(2). On February 21, 2007, appellant entered into a plea agreement and entered a no contest plea *Page 2 
before the trial court. The trial court found him guilty and sentenced him to six years. Appellant appeals his conviction, raising two assignments of error, as follows:
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "THE TRIAL COURT PREJUDICED APPELLANT WHEN IT ERRONEOUSLY ACCEPTED A NO CONTEST PLEA IN A FELONY CASE AND PROVIDED APPELLANT WITH AN INACCURATE REPRESENTATION OF HIS PLEA AGREEMENT."
 {¶ 5} Assignment of Error No. 2:
 {¶ 6} "THE TRIAL COURT DID NOT MAKE THE NECESSARY EXPLANATION OF CIRCUMSTANCES SUFFICIENT TO FIND APPELLANT GUILTY OF R.C. 2903.11(A)(1)."
 {¶ 7} Under the first assignment of error, appellant basically argues that his plea was not knowingly, intelligently, and voluntarily made because the trial court misinformed him regarding the effects of his no contest pleas. Appellant argues that he was misinformed when the trial court failed to inform him that the court's finding of guilt would be based upon the sufficiency of the indictment and that once the plea was entered, the court could proceed with judgment and sentencing. Further, he argues that he was misinformed when the trial court told him he could theoretically be found not guilty following a plea of no contest. Appellant argues that the trial court improperly applied R.C.2937.06(A)(1), which applies to no contest pleas in misdemeanor cases, when it accepted his plea.
 {¶ 8} Crim.R. 11(C)(2) requires that the trial court inform the defendant of the constitutional guarantees he is waiving prior to accepting a no contest plea and determine that "the defendant understands the effect of the plea * * *" The effect of a plea of no contest is that it "is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint." Crim.R. 11(B)(2). With respect to nonconstitutional rights, only substantial compliance with Crim.R. 11(C) is required. State v. Stewart (1977), 51 Ohio St.2d 86, 93. "Substantial compliance means that under the totality *Page 3 
of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero(1990), 56 Ohio St.3d 106, 108.
 {¶ 9} The Ohio Supreme Court has stated that "where the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense." State v. Bird (1998),81 Ohio St.3d 582, 584, citing State ex rel. Stern v. Mascio (1996),75 Ohio St.3d 422, 425. The requirements with respect to no contest pleas in misdemeanor cases are different than the rules in felony cases. With respect to misdemeanors, under R.C. 2937.06(A)(1), the trial court is required to hear an explanation of circumstances and determine whether the facts are sufficient to convict on a misdemeanor offense following a no contest plea. R.C. 2937.06(A)(1) does not permit no contest pleas in felony cases. Crim. R. 11, which supercedes R.C. 2937.06 in that respect, see State v. Jones, Miami App. No. 2000-CA-60, 2001 WL 726775, at *1 (June 29, 2001), permits pleas of no contest to any criminal charge, and does not require an explanation of circumstances, but permits the judge to enter judgment based upon the facts alleged in the indictment. However, "if the prosecutor presents a statement of facts and those facts positively contradict the felony charged in the indictment by negating an element essential to commission of the offense alleged, the court cannot make a finding of guilt on the basis of the charges alleged in the indictment." State v. Cooper,168 Ohio App.3d 378, 2006-Ohio-4004, ¶ 6, citing State v. Wooldridge (Oct. 6, 2000), Montgomery App. No. 18086; State v. Lowe (Mar. 24, 1995), Miami App. No. 93-CA-54, 93-CA-55; State v. Cohen (1978), 60 Ohio App.2d 182.
 {¶ 10} In this case, we find that the trial court substantially complied with the requirements of Crim.R. 11(C)(2)(b). Although the trial court did not specify that a plea of no contest is an admission of the truth of the facts alleged in the indictment, the trial court did state that by pleading no contest, appellant was "not contesting the facts" and that the court *Page 4 
"would have to accept them as true[.]" See State v. Rohda, Lucas App. Nos. L-05-1278, L-05-1280, 2006-Ohio-6463, ¶ 22. In addition, the plea forms stated "[b]y pleading no contest I understand the Court will decide my guilt on offenses to which I have pled based upon the facts asset forth in the indictment and upon the prosecutor's statement about the evidence which would have been presented at trial." (Emphasis added.) Appellant was accurately apprised of the effect of his plea. See id. Furthermore, the Ohio Supreme Court has stated that the trial court retains the discretion upon a plea of no contest in a felony case to find that the facts admitted do not constitute the charged offense.Mascio at 424. Accordingly, the trial court did not err in telling appellant that he could be found not guilty even after entering a plea of no contest under Crim.R. 11. Under the totality of the circumstances, we find that appellant subjectively understood the implications of his no contest plea and the rights he was waiving. Appellant's first assignment of error is overruled.
 {¶ 11} Under his second assignment of error, appellant challenges his conviction for felonious assault. He argues that the trial court erred because it did not "make the necessary explanation of circumstances sufficient to find appellant guilty of R.C. 2903.11(A)(1)." As stated above, the trial court was not required to hear an explanation of circumstances in order to find appellant guilty after a no contest plea. Under Crim.R. 11(B)(2), a no contest plea is an admission of the truth of the facts alleged in the indictment. In entering a no contest plea, the accused "waives all nonjurisdictional defects to a felony conviction and leaves open for review only the sufficiency of the indictment."State v. Palm, Summit App. No. 22298, 2005-Ohio-1637, ¶ 13. Appellant did not raise an argument regarding the sufficiency of the indictment at the trial court level. Sufficiency is an argument that can be forfeited.State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 23; see State v.Jones (2001), 91 Ohio St.3d 335, 346. Appellant's failure to object to the sufficiency of the indictment amounts to forfeiture of this argument on appeal. Because the argument was forfeited, appellant is limited on appeal to *Page 5 
arguments of plain error under Crim.R. 52(B).
 {¶ 12} Although appellant was charged in the indictment for felonious assault under R.C. 2903.11(A)(2), the plea agreement states that appellant entered a no contest plea to "[f]elonious assault in violation of Section 2903.11(A)(1) of the Ohio Revised Code, a felony of the second degree, as contained in the third count of the indictment." Likewise, the judgment entry of conviction finds appellant guilty of "[f]elonious [a]ssault, in violation of § 2903.11 (A)(1), Ohio Revised Code, under the [t]hird [c]ourt [sic] of the indictment * * *." The judgment entry of sentence contains a similar reference.
 {¶ 13} It is apparent that a clerical error occurred in this case. Appellant was indicted for felonious assault under R.C. 2903.11(A)(2). By entering a plea of no contest, appellant admitted the truth of the facts contained in the indictment, that he "did knowingly cause or attempt to cause physical harm to [the victim] by means of a deadly weapon * * *." The explanation of circumstances offered by the prosecutor and dialogue between the prosecutor, defense counsel, and judge indicate that appellant intended to plead no contest to felonious assault under that provision. Specifically, during the plea colloquy, the judge asked appellant, "[H]ow would you like to plead to the charges of kidnapping, a first degree felony under the second count of the indictment; felonious assault, a felony of the second degree under the third count of the indictment?" Appellant responded, "No contest." However, felonious assault under R.C. 2903.11(A)(1) requires a showing of serious physical harm, which is a fact not alleged in the indictment.[1] Serious physical harm was not discussed at all during the plea hearing. The record supports the conclusion that the references to R.C. 2903.11(A)(1) in the plea agreement and judgment entry of conviction are clerical errors.
 {¶ 14} We find that the indictment is sufficient to support appellant's conviction for *Page 6 
felonious assault under R.C 2903.11(A)(2), to which he pleaded no contest at his plea hearing. Therefore, appellant's convictions for kidnapping under R.C. 2905.01(A)(3) and felonious assault under R.C.2903.11(A)(2) are affirmed and appellant's second assignment of error is overruled. However, we note that the plea agreement, judgment entry of conviction, and judgment entry of sentence contain a clerical error in reference to the provision of the Ohio Revised Code under which appellant was convicted for felonious assault. Accordingly, we remand this case to the trial court so that the clerical error in the judgment entry of conviction and judgment entry of sentence may be corrected under Crim.R. 36. See State v. Crawford, Hamilton App. No. C-030540,2004-Ohio-3895, ¶ 15-16.
 {¶ 15} Judgment affirmed and remanded.
BRESSLER and POWELL, JJ., concur.
[1] The record does not contain a motion to amend the indictment to allege a violation of R.C. 2903.11(A)(1). *Page 1