DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, John Edward Lamb, appeals the judgment of the Lucas County Court of Common Pleas finding him guilty of two counts of attempted burglary in violation of R.C. 2911.12(A)(2) and (C) and2923.02 after appellant entered a plea of no contest. Appellant now seeks to reverse his conviction, claiming that his plea was not made knowingly, intelligently and voluntarily because the trial court failed to explain to *Page 2 
him the effect of a no contest plea. Because appellant can show no prejudicial effect, we affirm the judgment of the trial court.
 {¶ 2} The pertinent facts in this case are as follows. On December 11, 2006, appellant was indicted by a grand jury on two counts. In the first count, appellant was charged with burglary in violation of R.C.2311.12(A)(2) and (C), a felony of the second degree. In the second count, appellant was charged with attempted burglary in violation of R.C. 2911.12(A)(2) and (C) and 2923.02, a felony of the third degree.
 {¶ 3} Appellant was scheduled to go to trial on these charges on January 31, 2007. Prior to the trial date, the prosecution reached a plea agreement with appellant in which the felony of the third degree would be nolled, and appellant would plead to the felony of the second degree. On the plea form, there was a statement that if appellant were sentenced to community control, the state would not object to appellant being sentenced to the Community Treatment Facility to get drug treatment. After examining his record, the prosecutor discovered that appellant was not eligible for the Community Treatment Facility because he had previously completed the program. As a result of this discovery, appellant withdrew his consent to the plea agreement on the morning of the trial date, and stated that he wished to go forward with trial. The court rescheduled a trial date on February 7, 2007.
 {¶ 4} On the morning of his second trial date, appellant initially expressed his desire to go forward with the trial. Appellant's decision was against the advice of his counsel, who had recently had the opportunity to interview the witnesses for the state and *Page 3 
to evaluate the state's case against appellant. Once the jury was assembled, however, appellant decided he did not wish to go forward with the trial, and entered into a plea agreement. As part of the plea agreement, Count 1 of the indictment was amended so that it charged appellant with attempted burglary instead of burglary. Appellant agreed to plead no contest to the amended Count 1 and to Count 2, two counts of attempted burglary.
 {¶ 5} During the plea colloquy, the trial court made an extensive inquiry into appellant's competence, appellant's satisfaction with his counsel, and whether appellant's plea was voluntary. The trial court explained appellant's constitutional rights to him and confirmed that appellant understood that he was waiving those rights. The court also informed appellant of the range of sentences that could be imposed and informed him that he would be subject to post-release control. The prosecutor recited all of the facts, based on the state's evidence on both counts, and stated that all witnesses were at the court that morning, ready to proceed with trial.
 {¶ 6} Though the court was thorough in other matters, the court did not explain the effect of a no contest plea at all. Appellant did, however, sign a plea form which stated that "[b]y pleading no contest, I understand the Court will decide my guilt on the offenses to which I have pled based upon the facts as set forth in the indictment and upon the statement by the prosecutor about the evidence which would have been presented at trial." *Page 4 
 {¶ 7} Despite the court's failure to explain the effect of his plea, the court found that appellant understood the effect of the plea, and that appellant "made a knowing, intelligent, and voluntarily waiver of [his] rights pursuant to Criminal Rule 11." Based on his plea, the court found appellant guilty.
 {¶ 8} Appellant now appeals his conviction, claiming that his plea must be vacated. Specifically, appellant argues that "[t]he appellant's plea in this case was not made knowingly, intelligently and voluntarily as the trial court failed to inform him of the effect of his no contest plea."
 {¶ 9} Crim.R. 11(C)(2) states in part: "In felony cases the court * * * shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following: * * * (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest* * *". The effect of a plea of no contest "is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint." Crim.R. 11(B)(2). "Thus, for a no contest plea, a defendant must be informed that the plea of no contest is not an admission of guilt but is an admission of the truth of the facts alleged in the complaint, and that the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." State v. Jones, 116 Ohio St.3d 211, 2007-Ohio-6093, ¶ 23.
 {¶ 10} Because this is a non-constitutional requirement, the court needs only substantially to comply with this rule. State v. Stewart
(1977), 51 Ohio St.2d 86, 93. *Page 5 
Thus, the court does need not to state exactly the effect of the plea. Instead, substantial compliance requires only that "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v.Nero (1990), 56 Ohio St.3d 106, 108.
 {¶ 11} In this case, the trial court did not substantially comply with Crim.R. 11(C)(2). While the court made an extensive inquiry into appellant's waiver of his constitutional rights and thoroughly explained other matters, the court did not explain the effect of a no contest plea. Indeed, the court did not even mention the effect of a no contest plea.
 {¶ 12} Further, the plea form in this case, without an additional explanation, was not sufficient to substantially comply with Crim.R. 11(C)(2)(b). A court must address the defendant personally when informing the defendant of the effect of his plea. Crim.R.11(C)(2). Further, the plea form only stated that the court would decide guilt based upon the alleged facts, and did not state that the defendant admitted the truth of the facts by pleading no contest. This type of plea form can only contribute to substantial compliance, and the judge must further define the effect of a no contest plea during the colloquy. See State v. Rohda, 6th Dist. Nos. L-05-1278, L-05-1280, 2006-Ohio-6463, ¶ 22.
 {¶ 13} Even if the court did not substantially comply with Crim.R. 11(C)(2), the plea will not be invalidated unless appellant shows that he was prejudiced by the court's failure to substantially comply with the rule. State v. Griggs, 103 Ohio St.2d 85, 2004-Ohio-4415, ¶ 12. *Page 6 
To show prejudice, appellant must demonstrate that he would not have entered a no contest plea if he had known that he was admitting the truth of the facts alleged in the indictment. Id.
 {¶ 14} Appellant presents three pieces of evidence to support his contention that he would not have entered a no contest plea had he understood the effect of the plea. First, he claims that the fact that he was reluctant to enter a plea demonstrates that he did not want to admit that he was guilty. The record shows, however, that his reluctance to enter a plea was due to his desire to receive treatment in a community treatment facility. Appellant was ready and willing to enter a plea until he discovered that he was not eligible for treatment in the facility; only then did he develop a reluctance to enter a plea. Therefore, his reluctance to enter a plea does not demonstrate that appellant was prejudiced by the trial court's failure to explain the effect of a no contest plea.
 {¶ 15} Second, appellant contends that the fact that he insisted that the plea be no contest rather than guilty demonstrates that it was important to him that he not admit the truth of the allegations against him. Insistence on not entering a guilty plea, however, is not the same as insistence on not admitting the truth of the allegations in the indictment. A no contest plea cannot be used in later proceedings, and it is not an admission of guilt. Jones at ¶ 24. A guilty plea goes beyond admitting the facts in an indictment; it is an actual admission of guilt that can be used in later criminal and civil proceedings. SeeState v. Stumpf (1987), 32 Ohio St.3d 95, 104. Therefore, appellant's refusal to enter a *Page 7 
guilty plea does not demonstrate that appellant did not wish to admit the truth of the alleged facts.
 {¶ 16} Third, appellant claims that the case against him was weak. Presumably, appellant is arguing that because the case against him was weak, he believes that it is likely that a jury would have found him not guilty, and thus he would not have entered a plea in which he admitted the facts of the indictment. There is no evidence in the record that the state's case was weak. On the contrary, the only evidence in the record relating to the strength of the case suggests that the state's case was strong. Appellant's initial decision to go forward with trial was against the advice of his counsel, who had an opportunity to evaluate the evidence against appellant. Therefore, appellant's third argument also fails to show prejudice.
 {¶ 17} Appellant provides no other support for his contention that he was prejudiced by the trial court's failure to substantially comply with Crim.R. 11(C)(2). Accordingly, we find that his plea was knowing, intelligent, and voluntary. Appellant's assignment of error is not well-taken.
 {¶ 18} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J. CONCUR. *Page 1