[Cite as *State v. Ericksen*, 2019-Ohio-3644.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## CARROLL COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CHRISTOPHER C. ERICKSEN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 CA 0928**

---

Criminal Appeal from the
Court of Common Pleas of Carroll County, Ohio
Case No. 18 CR 6205

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Steven D. Barnett*, Carroll County Prosecutor, and *Atty. Michael Roth*, Chief Assistant Prosecuting Attorney, 7 East Main Street, Carrollton, Ohio 44615, for Plaintiff-Appellee and

*Atty. Rick Ferrara,* 2077 East Fourth Street, Second Floor, Cleveland, Ohio 44114, for Defendant-Appellant.

Dated:  September 6, 2019

**D'APOLITO, J.**

{¶1} Appellant, Christopher C. Ericksen, appeals from the September 28, 2018 judgment of the Carroll County Court of Common Pleas, sentencing him to an agreed 48-month mandatory prison term for aggravated vehicular assault, vehicular assault, and driving while under the influence of alcohol or drugs, following a no contest plea.  On appeal, Appellant mainly asserts that the indictment is defective.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2} Appellant operated a motor vehicle and caused a serious collision with Kimberly Jo Locker ("the victim").  The victim lost both of her legs to amputation, received injuries to her optic nerves, and sustained burns over 70 percent of her body.  The victim is bed-ridden and has incurred approximately $2,000,000 in medical expenses.

{¶3} On March 6, 2018, Appellant was indicted by the Carroll County Grand Jury on four counts: count one, aggravated vehicular assault, a felony of the third degree, in violation of R.C. 2903.08(A)(1)(a); count two, vehicular assault, a felony of the fourth degree, in violation of R.C. 2903.08(A)(2)(b); count three, driving while under the influence of alcohol or drugs, a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1)(a); and count four, driving while under the influence of alcohol or drugs, a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1)(b) (alleging that Appellant had a concentration of eight-hundredths of one percent or more but less than seventeen-hundredths of one percent by weight per unit volume of alcohol in his blood).  Appellant was represented by counsel and initially pleaded not guilty at his arraignment.

{¶4} Thereafter, Appellant entered into plea negotiations with Appellee, the State of Ohio.  A change of plea hearing was held on September 27, 2018.  The trial court personally addressed Appellant and advised him of his rights pursuant to Crim.R. 11. Appellant withdrew his former not guilty plea and pleaded no contest to an agreed 48-month mandatory prison term.  After determining that Appellant's no contest plea was

knowing, intelligent, and voluntary, the court accepted his plea and found him guilty of the charges contained in the indictment.

{¶5}    Pursuant to the plea negotiations, the trial court merged all offenses into count one, sentenced Appellant to 48 months in prison, imposed a $1,000 fine, suspended his Class Three operator's license for five years, and advised him that postrelease control is mandatory up to a maximum of three years.  Appellant filed a timely appeal and raises one assignment of error.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED IN ENTERING A FINDING OF GUILT ON A DEFECTIVE INDICTMENT.**

Article I, Section 10, of the Ohio Constitution guarantees that "no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury."  An indictment shall contain "a statement that the defendant has committed a public offense specified in the indictment."  Crim.R. 7(B).  "The statement may be made in ordinary and concise language without technical averments or allegations not essential to be proved.  The statement may be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged."  *Id.*

*State v. Thompson*, 7th Dist. Columbiana No. 16 CO 0031, 2017-Ohio-9044, ¶ 41.

{¶6}    A no contest plea to an indictment forecloses an appellant from challenging the factual merits of the underlying charge.  *State v. Bird*, 81 Ohio St.3d 582, 584, 692 N.E.2d 1013 (1998).  A no contest plea is "not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment[.]"  Crim.R. 11(B)(2).  An accused that pleads no contest "'waives all nonjurisdictional defects to a felony conviction and leaves open for review only the sufficiency of the indictment.'"  *State v. Watson*, 12th Dist. Clinton No. CA2007-04-020, 2008-Ohio-629, ¶ 11, quoting *State v. Palm*, 9th Dist. Summit No. 22298, 2005-Ohio-1637, ¶ 13.  A trial court must find a defendant guilty of

the charged offense where the indictment contains sufficient allegations to state a felony offense and the defendant pleads no contest. *Bird, supra,* at 584, citing *State ex rel. Stern v. Mascio*, 75 Ohio St.3d 422, 425, 662 N.E.2d 370, 373 (1996). An appellant's failure to raise an argument regarding the sufficiency of the indictment at the trial court level amounts to forfeiture of this argument on appeal and is limited to a plain error review under Crim.R. 52(B). *Watson, supra,* at ¶ 11.

{¶7} As stated, pursuant to the plea negotiations, the trial court merged all offenses into count one, aggravated vehicular assault, a felony of the third degree, in violation of R.C. 2903.08(A)(1)(a). Because Appellant pleaded no contest, the State only had to allege sufficient facts to charge a violation for R.C. 2903.08(A)(1)(a). *See Bird, supra,* at 584, citing *Mascio, supra,* at 425. The State fulfilled its obligations.

{¶8} The indictment, which is not defective, charged the following:

> COUNT ONE: THE JURORS OF THE GRAND JURY of the State of Ohio * * * do find and present that on or about the 29th day of September, 2017, at the County of Carroll, State of Ohio, aforesaid, one CHRISTOPHER C. ERICKSEN, * * * while operating or participating in the operation of a motor vehicle, did cause serious physical harm to another person, to wit: Kimberly Jo Locker, which was the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordnance, being AGGRAVATED VEHICULAR ASSAULT, a felony of the third degree and contrary to Ohio Revised Code Section 2903.08(A)(1)(a) and, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.

(3/6/18 Indictment.)

{¶9} The State also filed a sufficient bill of particulars. Regarding count one, the State specified:

> At Trial in this cause as to Count One of the Indictment herein, the State of Ohio will prove that on or about the 29th day of September, 2017, at the

County of Carroll, State of Ohio, aforesaid, one CHRISTOPHER C. ERICKSEN, * * * while operating or participating in the operation of a motor vehicle, did cause serious physical harm to another person, to wit: Kimberly Jo Locker, which was the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordnance, being AGGRAVATED VEHICULAR ASSAULT, a felony of the third degree and contrary to Ohio Revised Code Section 2903.08(A)(1)(a).

(4/3/18 Bill of Particulars.)

**{¶10}** R.C. 2903.08(A)(1)(a) states:

(A) No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall cause serious physical harm to another person or another's unborn in any of the following ways:

(1)(a) As the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance[.]

**{¶11}** In this case, Appellant mainly takes issue with the indictment and asserts that neither the indictment nor the bill of particulars, which "can mitigate the effect of an omission in an indictment[,]" adequately identified the predicate offense to count one. *Thompson, supra,* at ¶ 40. Essentially, Appellant is arguing that unless the indictment includes the specific subsection of a statute defining the offense charged, the indictment is defective. However, because Crim.R. 7 only requires that the elements of a crime charged be set forth in the indictment, and the indictment here is not defective, Appellant's

Case No. 18 CA 0928

position is without merit.[1]  *See* Crim.R. 7; *State v. Dudas*, 11th Dist. Lake Nos. 2008-L-109 and 2008-L-110, 2009-Ohio-1001, ¶ 40.

**{¶12}** Regarding the four-count indictment, Appellant admitted the truth of the allegations by pleading no contest.  *Bird, supra,* at 585.   Count one identifies the underlying offense charged by section number, R.C. 4511.19(A).   The indictment language further mirrors the statutory language of R.C. 2903.08(A)(1)(a) in that the material element the State must prove is that Appellant's operation of his vehicle caused serious physical harm to the victim as a proximate result of a violation of R.C. 4511.19(A).  Taking all four counts in the indictment in its entirety, Appellant was on notice that the underlying violation of R.C. 4511.19(A) involved a prohibited concentration and/or that Appellant was impaired, which are both predicate offenses under R.C. 4511.19(A).  Thus, the indictment is sufficient to charge an offense and is not defective.  Crim.R. 7(B); *Bird, supra,* at 585.

**{¶13}** Regarding the bill of particulars, it sets forth the date of the alleged offense, the general nature of the alleged conduct, and the applicable statute.  Therefore, the bill of particulars provided was sufficient to fulfill its intended purpose, i.e., to particularize the conduct of the accused alleged to constitute the charged offense.  *See State v. Brown*, 7th Dist. Mahoning No. 03-MA-32, 2005-Ohio-2939, ¶ 86-87.  With respect to this case, this court notes that we do "not consider prejudice if the indictment was not defective in the first place." *Thompson, supra,* at ¶ 40.  This court further notes that all of the State's evidence was available for Appellant and his counsel to examine pursuant to Crim.R. 16(A) and the prosecutor's "open discovery" policy.

---

[1] To support his position that his conviction for count one was consequently void, Appellant cites to a three-paragraph, Per Curiam Opinion, *State ex rel. Bandarapalli v. Gallagher*, 128 Ohio St.3d 314, 2011-Ohio-230, 943 N.E.2d 1020.  Appellant's reliance on *Gallagher*, however, is misplaced.  In *Gallagher*, the Ohio Supreme Court found the petitioner had ample remedies in the course of regular appeal by means of a motion to dismiss an alleged defective indictment and that a writ of prohibition was not a proper remedy. Appellant also cites to *State v. Headley*, 6 Ohio St.3d 475, 453 N.E.2d 716 (1983) to support his position that this case should be reversed.  Like *Gallagher*, Appellant's reliance on *Headley* is also misplaced based on the facts presented here.  In *Headley*, the Ohio Supreme Court held that "[t]he type of controlled substance involved in the crime of aggravated trafficking under R.C. 2925.03 is an essential element which must be included in the indictment, the omission of which cannot be cured by amendment under Crim.R. 7(D)." *Id.* at paragraph two of the syllabus.

**{¶14}** As stated, the indictment is not defective. Because the record demonstrates that the indictment and the bill of particulars provided Appellant with sufficient detail to place him on notice of the charges against him, this court does not find plain error.

## CONCLUSION

**{¶15}** For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The judgment of the Carroll County Court of Common Pleas, sentencing Appellant to an agreed 48-month mandatory prison term for aggravated vehicular assault, vehicular assault, and driving while under the influence of alcohol or drugs, following a no contest plea, is affirmed.

Donofrio, J., concurs.

Waite, P.J., concurs.

Case No. 18 CA 0928

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Carroll County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**