DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Kisha Palm, appeals from the judgment of the Summit County Court of Common Pleas that convicted her of obstructing justice. We vacate the judgment of the trial court.
 I. {¶ 2} On April 19, 2004, the Summit County Grand Jury indicted Ms. Palm of one count of obstructing justice, in violation of R.C.2921.32(A)(1), a fifth degree felony. Specifically, the sole count in the indictment charged that Ms. Palm
"did commit the crime of OBSTRUCTING JUSTICE in that she did with purpose to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for crime, or to assist another to benefit from the commission of a crime to wit: a felony, communicate false information to any person in violation of Section 2921.32(A)(1) of the Ohio Revised Code, A FELONY OF THE FIFTH DEGREE[.]"
 {¶ 3} The State alleged that during a traffic stop on or about April 9, 2004, Ms. Palm aided the driver of the vehicle, Marwin Carey, in falsifying his identity. Specifically, the State maintained that Ms. Palm gave the officers a social security number belonging to the name Carey was using, namely, that of Ms. Palm's brother. However, Carey also had outstanding felony arrest warrants at that time.
 {¶ 4} Ms. Palm initially pled not guilty to the charge. On the day of trial, an issue arose over the specific elements of the obstruction of justice charge. Particularly, the defense argued that the State was required to establish that Ms. Palm had knowledge of Carey's outstanding felony arrest warrants at the time that she provided false information to the police officers, in order to convict Ms. Palm of felony obstructing justice.[1] The State countered that knowledge of the crime committed was not an element necessary to convict a person of the fifth degree felony, and noted its intention to file a motion in limine to prevent Ms. Palm from raising this issue at trial. The court continued the trial, and allowed the parties to file briefs on this issue.
 {¶ 5} However, pursuant to plea negotiations, Ms. Palm elected to retract her not guilty plea and plead no contest. When asked to confirm during the plea hearing that Ms. Palm would be withdrawing her not guilty plea and pleading no contest, Ms. Palm's counsel responded that she would be entering a no contest plea, but qualified her response as follows:
"[W]e would like to reserve for appeal the degree of the obstruction of justice charge in this matter. Due to the fact that the underlying charge that Mr. Carey was charged with was misrepresenting his ID, which is a misdemeanor and the State is arguing that due to the fact that he had felony warrants stemming three years ago, that she should be charged, Miss Palm should be charged with a felony in this case. The purpose, the facts surrounding this case support that her purpose was to support his story of misrepresenting his ID and, therefore, that the charge, the degree of the charge should be a misdemeanor charge."
 {¶ 6} The court replied:
"The Court had indicated that the Court would accept a no contest plea, although ordinarily the Court does not. Because this is a very unique charge and I guess the basic issue is whether knowledge on her part was necessary almost as to exactly what he was attempting to — what — as to exactly what he was attempting to avoid, I guess, by lying to police."
 {¶ 7} The court advised Ms. Palm that it would find her guilty of the charge if she pled no contest, and Ms. Palm confirmed that she was also waiving the presentation of the facts. The court then stated, "And the Court wishes to make it clear that I'm doing this so that an appeal can be taken, I think it is and it should go before the court of appeals. So you do waive presentation of a factual foundation[.]"
 {¶ 8} Then the court proceeded with a Crim.R. 11 inquiry:
"THE COURT: Now, you understand you do have a right to have a trial, Miss Palm. The State has the burden of proving that, in fact, you did commit this crime.
"By entering a plea of no contest, the Court is going to find you guilty; do you understand that?"
 {¶ 9} Miss Palm answered in the affirmative, and after this short colloquy the court concluded that Ms. Palm had entered her plea knowingly, intelligently, and voluntarily and accepted her plea. The court found Ms. Palm guilty of obstructing justice, a fifth degree felony, and sentenced her to eight months incarceration, suspended, upon the condition that she complete one year of community control sanctions. This appeal followed.
 {¶ 10} Ms. Palm timely appealed, asserting two assignments of error for review. We address Ms. Palm's assignments of error together, to facilitate review.
 II. First Assignment of Error
"There was insufficient evidence to support appellant palm's conviction of fifth-degree felony obstruction of justice under R.C. § 2921.32(a), and she is entitled to a reversal."
Second Assignment of Error
"The trial court erred when it did not convict palm of the lesser included offense of obstruction of official business under R.C. § 2921.31."
 {¶ 11} In her assignments of error, Ms. Palm now attempts to challenge the State's position that knowledge of Carey's previous felony charges was unnecessary to convict her of felony obstructing justice. In her first assignment of error, Ms. Palm contends that her conviction for fifth degree felony obstructing justice is not supported by sufficient evidence, in that she did not have knowledge of the fact that Carey was being sought for felony charges. In her second assignment of error, Ms. Palm contends that the trial court erred in not convicting her of the lesser-included offense of obstruction of official business under R.C.2921.31, for the same reason.
 {¶ 12} The State responds that by pleading no contest, Ms. Palm relinquished her right to have the State establish beyond a reasonable doubt to a jury every element of the offense charged. Additionally, the State maintains that Ms. Palm never requested that she be convicted of a lesser-included offense to the obstructing justice charge, and therefore waived the opportunity to raise it on appeal. However, Ms. Palm states that "[t]he trial court did not resolve the issue of whether Palm's charge was excessive." The trial court accepted her plea, found her guilty and sentenced her, thereby procedurally allowing for the case to be appealed to this Court. However, the court did leave the impression that the degree of the charge was somehow not entirely "justified," and that this specific issue may be preserved for appeal.
 {¶ 13} "A defendant's right to appeal is decidedly limited under a no contest plea. Generally speaking, a no contest plea waives all nonjurisdictional defects to a felony conviction and leaves open for review only the sufficiency of the indictment." State v. Cianci (June 11, 1986), 9th Dist. No. 3947, at *4. See City of Columbus v. Sullivan
(1982), 4 Ohio App.3d 7, 9. Additionally, Crim.R. 12(I) allows for appeal of improper pretrial rulings where judgment was entered on a no contest plea. Id. In this case, Ms. Palm did not file any pretrial motions.
 {¶ 14} Ms. Palm entered her no contest plea pursuant to a plea bargain, and her counsel expressly conditioned the entry of the plea on preservation of this issue for appeal. Thus, Ms. Palm was left with the understanding and assumption that the issue could be decided on appeal. However, such an assumption was erroneous in this case, and we find that the trial court committed error in accepting Ms. Palm's plea on such a basis. Thus, the trial court's determination that Ms. Palm entered her plea knowingly, intelligently, and voluntarily appears suspect, as well. Ms. Palm should have had an opportunity to withdraw her plea and proceed to trial as originally planned. See Sullivan, 4 Ohio App.3d at 10. If a defendant believes she is not guilty of an offense, she has the right to plead not guilty, and require the state to meet its burden of proof. Cityof Cuyahoga Falls v. Bowers (Mar. 2, 1983), 9th Dist. No. 10911, at *7.
 {¶ 15} Ms. Palm's assignments of error are sustained, insofar as the trial court convicted her of obstruction of justice upon this erroneously conditioned no contest plea. We vacate the trial court's judgment, and remand the case to the trial court to conduct another plea hearing.
 III. {¶ 16} Ms. Palm's first and second assignments of error are sustained in part. The judgment of the Summit County Court of Common Pleas is vacated, and the cause is remanded to the trial court for further proceedings with this decision.
Judgment vacated, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Whitmore, P.J. Moore, J. Concur.
[1] Obstructing justice per R.C. 2921.32(A)(1) states, "No person, with purpose to hinder the discovery, apprehension, prosecution, conviction or punishment of another for crime or to assist another to benefit from the commission of a crime, * * * shall * * * [h]arbor or conceal the other person * * * [.]" R.C. 2921.32 further provides that if the crime committed by the person aided is a misdemeanor, then the person aiding will be guilty of misdemeanor obstructing justice of the same degree; and if the crime committed is felony, then the person aiding will be guilty of obstructing justice, a felony of the fifth degree. R.C.2921.32(C)(2)-(3).