DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Michael Smith, appeals his sentence imposed by the Lorain County Court of Common Pleas. This Court reverses.
 I. {¶ 2} Smith was indicted on six counts for conduct related to his daughters, J.S. and K.S. The first four counts charged gross sexual imposition, fourth degree felonies, and the last two counts charged endangering children, first and fourth degree misdemeanors. On the second day of his jury trial, the trial court ruled that testimony of a prosecution witness was admissible. Following a recess, Smith entered a no contest plea to all charges in the indictment. The trial court sentenced him and Smith now appeals. *Page 2 
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ADMITTED EVIDENCE OF PRIOR BAD ACTS THAT SEVERELY PREJUDICED MR. SMITH'S CASE."
 {¶ 3} In his sole assignment of error, Smith argues that the trial court erred when it admitted evidence of prior bad acts. A no contest plea generally waives the right to appeal most issues. Thus, under ordinary circumstances, this Court would conclude that Smith waived this argument by entering a no contest plea, a plea that admitted the facts alleged in the indictment. But this is not an ordinary case.
 {¶ 4} Unfortunately, defense counsel, the prosecutor, and the trial court judge all gave Smith the impression that he could enter a plea of no contest and appeal the trial court's mid-trial evidentiary ruling. Crim. R. 12(I) allows for appeal of improper pretrial rulings, but Smith does not challenge a pretrial ruling. Smith entered his no contest plea specifically to challenge the trial court's decision, made during the course of the trial, as evidenced by comments his attorney, the prosecutor, and the trial court judge made on the record.
 {¶ 5} During the trial, there was a question about whether one of the victims could testify to Smith's past conduct. The trial court conducted an in camera examination of the victim and ruled that she could testify to the defendant's prior conduct with her. Defense counsel noted a continuing objection and then advised the court that Smith would like to enter a no contest plea. When asked why, defense counsel stated, "because we disagree with this ruling and we would like an opportunity to take it up on appeal * * *. [H]e would like to plead no contest and have a chance at the Court of Appeals to see how they rule on it." The judge responded, "I understand." *Page 3 
 {¶ 6} The prosecutor then addressed the court and commented that a "plea of no contest really has no legal significance other than the fact that the defendant would be able to appeal the single issue." The judge considered the matter and then said, "After another review of the issues, we will entertain that plea. Okay. And so, you know, if it turns out different, so be it. The prosecutor's office can fight that in the Court of Appeals. We will accept it at this point."
 {¶ 7} After the defendant completed the written plea form, and the plea hearing started, defense counsel began, "Judge, the other issues we have is — the reason we are entering the no-contest plea is because of a couple of adverse decisions from the Court, which we respectfully abide by, and we would like to be able to take any of those adverse rulings up on appeal, which it's my understanding the Court is going to agree to. Based on that, we would enter a plea of no contest to the charges in the indictment. * * *." During the plea colloquy, the judge asked, "Do you understand that if you have up to this point any objection that was timely and properly brought before this Court, you have the right to appeal those matters?" The defendant answered yes.
 {¶ 8} In State v. Engle (1996), 74 Ohio St.3d 525, the Ohio Supreme Court remanded a case to the trial court to provide the defendant with the opportunity to withdraw her plea where the trial judge, prosecutor, and defense attorney all "recognized" the defendant's right to appeal the trial court's evidentiary ruling following her no contest plea. The Court based this decision on its conclusion that the defendant's plea was not knowingly and intelligently made. In a recent case, State v.Palm, 9th Dist. No. 22298, 2005-Ohio-1637, this Court reached the same conclusion.
 {¶ 9} In Palm, this Court vacated a defendant's conviction, concluding that the plea was not knowingly, voluntarily, and intelligently entered. On the morning of trial, the defendant *Page 4 
entered a no contest plea, pursuant to a plea bargain. The defendant's attorney expressly conditioned the entry of the plea on preservation of an issue for appeal. This Court concluded that the defendant "was left with the understanding and assumption that the issue could be decided on appeal. However, such an assumption was erroneous in this case, and we find that the trial court committed error in accepting [her] plea on such a basis. Thus, the trial court's determination that [the defendant] entered her plea knowingly, intelligently, and voluntarily appears suspect, as well." Id. at ¶ 14.
 {¶ 10} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution."Engle, 74 Ohio St.3d at 527. The Engle Court noted several significant factors in its analysis of the plea in that case: the prosecutor commented on the defendant's right to appeal; defense counsel must have explained the strategy to plead and appeal; and the trial court judge listened without correcting the impression that the defendant could appeal. Id. The Court noted that the parties shared the impression that the defendant could appeal. And during the sentencing hearing, the trial court advised the defendant of her right to appeal. Id. Likewise, in this case, the parties operated under the assumption that the defendant could appeal and the trial court judge covered that point during the plea hearing, making sure the defendant understood he could appeal the trial court's decisions.
 {¶ 11} Engle and Palm recognize that the defense attorney, prosecuting attorney, and trial court judge play a significant role in the defendant's knowing, voluntary, and intelligent decision to enter a no contest plea. In those cases, as in this case, the attorneys and judges were in the position to explain the defendants' rights to them and, unfortunately, they did not meet the *Page 5 
high burden placed on them by the Ohio and United States Constitutions to ensure that the defendant made a knowing, voluntary, and intelligent decision. This Court has no choice but to vacate the conviction and plea, and remand this case to the trial court. The defendant shall have the option of proceeding to trial or entering a new plea, fully advised of his rights.
 {¶ 12} Smith's assignment of error is sustained, insofar as the trial court convicted him upon this erroneously conditioned no contest plea. The case is remanded to the trial court for further proceedings consistent with this opinion.
 III. {¶ 13} Smith's assignment of error is sustained in part. The judgment of the Lorain County Court of Common Pleas is reversed and the case is remanded for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 6 
Costs taxed to Appellee.
SLABY, J. CONCUR