[Cite as *State v. Rondon*, 2011-Ohio-4938.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

ISRAEL RONDON

    Appellant

C.A. No.    25447

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 09 09 2905

DECISION AND JOURNAL ENTRY

Dated: September 28, 2011

BELFANCE, Presiding Judge.

{¶1}  Defendant-Appellant Israel Rondon appeals from the judgment of the Summit County Court of Common Pleas.  For the reasons set forth below, we sustain his assignments of error in part, and remand the matter for proceedings consistent with this opinion.

I.

{¶2}  In October 2009, Mr. Rondon was indicted on one count of carrying concealed weapons in violation of R.C. 2923.12(A)(2), one count of carrying concealed weapons in violation of R.C. 2923.12(A)(1), one count of operating without a valid license in violation of R.C. 4510.12, and one count of speeding in violation of R.C. 4511.21.  At the change of plea hearing, the State indicated that Mr. Rondon was entering a no contest plea in order to preserve a constitutional challenge for appeal.  The trial court, the State, and Mr. Rondon's standby counsel led Mr. Rondon to believe that he would preserve the issue for appeal by proffering his argument following his plea.  Thus, Mr. Rondon pleaded no contest to the charges, proffered his

constitutional challenge, and was then sentenced to an aggregate term of twelve months, which was suspended on the condition that Mr. Rondon complete two years of community control.

{¶3} Mr. Rondon has appealed, raising two assignments of error for our review, which we will address together.

II.

ASSIGNMENT OF ERROR I

"OHIO'S PROHIBITION AGAINST CARRYING A FIREARM UNDER OHIO REVISED CODE SECTION 2923.12 IS UNCONSTITUTIONAL IN THAT IT VIOLATES THE SECOND AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

ASSIGNMENT OF ERROR II

"OHIO'S PROVISIONS FOR LICENSING TO PERMIT THE CARRYING OF A CONCEALED WEAPON ARE UNCONSTITUTIONAL IN THAT THEY VIOLATE THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT."

{¶4} Mr. Rondon asserts in his first assignment of error that R.C. 2923.12 is unconstitutional as it violates the Second and Fourteenth Amendments to the United States Constitution. Mr. Rondon asserts in his second assignment of error that R.C. 2923.125 violates the Fourteenth Amendment as it does not contain a provision whereby indigent persons can have the licensing fee or the cost of taking the necessary classes waived. As Mr. Rondon has failed to preserve these issues for appeal for the reasons detailed below, we decline to further address the merits of these arguments.

{¶5} "It is well established that 'an appellate court should not consider questions which have not been properly raised in the trial court and upon which the trial court has had no opportunity to pass.'" *State v. Holmes,* 9th Dist. No. 22938, 2006-Ohio-2175, at ¶4, quoting *State v. Long* (1978), 53 Ohio St.2d 91, 95. In the instant matter, Mr. Rondon did not challenge

the constitutionality of either statute in the trial court. Instead, it is clear from the record that Mr. Rondon pleaded no contest with the mistaken understanding that he could challenge the constitutionality of the statutes for the first time on appeal. Mr. Rondon at no point requested or received a ruling from the trial court on the constitutionality of the statutes he now challenges. Accordingly, there is no decision on the constitutionality of these statutes for this Court to review. Thus, Mr. Rondon has not preserved this argument for appeal, nor has he argued plain error. See, e.g., *State v. Smiley*, 9th Dist. No. 23815, 2008-Ohio-1915, at ¶28.

{¶6} Nonetheless, while Mr. Rondon has not preserved his constitutional argument, because the trial court, the State, and his standby counsel led him to believe his no contest plea along with his proffered argument following his plea preserved the issue, we must sustain his assignments of error in part. See *State v. Smith*, 9th Dist. No. 08CA009338, 2008-Ohio-6942, at ¶¶10-12. Here, it is clear that Mr. Rondon pleaded no contest because he believed that, by proffering his argument following his plea without actually seeking a ruling from the trial court, he still could raise the issue on appeal. Further, it is equally clear that Mr. Rondon possessed this belief because the State, his standby counsel, and the trial court either reinforced that belief or failed to correct it. Thus, Mr. Rondon's plea was not knowingly and intelligently made. See id. at ¶8, citing *State v. Engle* (1996), 74 Ohio St.3d 525. Therefore, "[t]his Court has no choice but to vacate the conviction and plea, and remand this case to the trial court. [Mr. Rondon] shall have the option of proceeding to trial or entering a new plea, fully advised of his rights." *Smith* at ¶11.

{¶7} Mr. Rondon's "assignment[s] of error [are] sustained, insofar as the trial court convicted him upon this erroneously conditioned no contest plea." Id. at ¶12.

III.

{¶8}     In light of the foregoing, Mr. Rondon's assignments of error are sustained in part. The judgment of the Summit County Court of Common Pleas is reversed, and the matter is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(E).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR

APPEARANCES:

JEFFREY N. JAMES, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.