[Cite as *State v. Rondon*, 2013-Ohio-4175.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

ISRAEL RONDON

    Appellant

C.A. No.     26637

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 09 09 2905

DECISION AND JOURNAL ENTRY

Dated: September 25, 2013

CARR, Judge.

{¶1}   Appellant, Israel Rondon, appeals the judgment of the Summit County Court of Common Pleas. This Court reverses and remands for further proceedings.

I.

{¶2}   On October 1, 2009, the Summit County Grand Jury returned an indictment charging Rondon with one count of carrying a concealed weapon in violation of R.C. 2923.12(A)(2), a felony of the fourth degree; one count of carrying a concealed weapon in violation of R.C. 2923.12(A)(1), a misdemeanor of the first degree; one count of operating a vehicle without a valid license, a misdemeanor of the fourth degree; and one count of speeding, a minor misdemeanor. Rondon initially pleaded not guilty to the charges at arraignment. Rondon subsequently appeared for a change of plea hearing, where the State indicated that Rondon would be entering a no contest plea in order to preserve a constitutional challenge for appeal. After entering his no contest plea, Rondon then proffered his constitutional argument with the

understanding that he was preserving that issue for appeal. Rondon was then sentenced to an aggregate prison term of twelve months, which was suspended on the condition that he complete two years of community control.

{¶3} On appeal, this Court determined that Rondon was erroneously led to believe that by proffering his constitutional argument subsequent to entering his no contest plea, he had adequately preserved that issue to appeal. *State v. Rondon*, 9th Dist. Summit No. 25447, 2011-Ohio-4938. After concluding that Rondon had not entered his plea knowingly, intelligently, and voluntarily, this Court vacated his plea and remanded the matter for further proceedings. *Id*. at ¶ 6.

{¶4} On remand, Rondon informed the trial court of his intention to proceed pro se in this matter. On July 27, 2012, the trial court issued an order indicating that Rondon would be acting pro se, and appointed stand by counsel. On August 22, 2012, stand by counsel filed a motion to dismiss count one of the indictment on the basis that several of Ohio's handgun laws violated the United States Constitution. That same day, the trial court held a hearing where stand by counsel offered oral arguments in support of the motion. The trial court denied the motion on the record, and conducted a plea colloquy. At several points during the plea colloquy, Rondon spoke out and offered arguments in support of the motion to dismiss. At one point, Rondon stated, "I['d] like to clarify that I was not carrying a weapon." When asked for his plea on the first count of carrying a concealed weapon, Rondon twice responded "Don't want [to] do it." Subsequently, when asked how he intended to plead to each of the four counts in the indictment, Rondon responded, "No contest under coercion." After the trial court accepted Rondon's pleas and found him guilty, he was sentenced to an aggregate prison term of eighteen months, a six-

month driver's license suspension, and a fine. The sentence was stayed pending appeal. The trial court journalized its sentencing entry on September 6, 2012.

{¶5} Subsequently, on September 18, 2012, the trial court held another hearing on the motion to dismiss.[1] At the outset of the hearing, stand by counsel indicated that on the same day as the hearing on the motion to dismiss, this Court issued its decision in *State v. Shover*, 9th Dist. Summit No. 25944, 2012-Ohio-3788, which pertained to the Second Amendment. Stand by counsel stated, "In light of that [decision], it's my understanding that the Court wanted to, at this point, bring Mr. Rondon back before the Court to be more specific in addressing the motion that I had filed on August 22nd." The trial judge once again denied the motion, but stated, "I want the record to reflect that I do find the motion implicates the second amendment of the constitution. In denying the motion, [] I'm applying the intermediate level of scrutiny[.]"

{¶6} Rondon filed a notice of appeal from the trial court's September 6, 2012 sentencing entry. On appeal, Rondon raises two assignments of error.

II.

## ASSIGNMENT OF ERROR I

OHIO'S PROHIBITION AGAINST CARRYING A FIREARM UNDER [R.C.] 2923.12 IS UNCONSTITUTIONAL IN THAT IT VIOLATES THE SECOND AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

---

[1] While both parties indicate that the trial court applied intermediate scrutiny in ruling on the motion to dismiss, we note that the September 18, 2012 hearing occurred after the trial court had issued a final judgment in this matter. Thus, to the extent the trial court reconsidered its prior ruling on the motion, that ruling was a nullity. *State v. Papczun*, 9th Dist. Summit No. 26560, 2013-Ohio-1162, ¶ 8.

## ASSIGNMENT OF ERROR II

OHIO'S PROVISIONS FOR LICENSING TO PERMIT THE CARRYING OF A CONCEALED WEAPON ARE UNCONSTITUTIONAL IN THAT THEY VIOLATE THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT.

{¶7} In his first assignment of error, Rondon argues that R.C. 2923.12 violates the Second and Fourteenth Amendments of the United States Constitution. In his second assignment of error, Rondon argues that R.C. 2923.125, the statute which sets forth the requirements to obtain a license to carry a concealed handgun, violates the Fourteenth Amendment of the United States Constitution.

{¶8} The Supreme Court of Ohio has held that while a criminal defendant has, "the right to either appear pro se or to have counsel, he has no corresponding right to act as co-counsel on his own behalf." *State v. Thompson*, 33 Ohio St.3d 1, 6-7 (1987). "The right to counsel and the implied right to appear pro se are independent of each other and may not be asserted simultaneously." *State v. Jackson*, 9th Dist. Summit Nos. 24463, 24501, 2009-Ohio-4336, ¶ 13, citing *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, ¶ 32. In explaining the inherent problems with hybrid representation, the Supreme Court noted that "situations may arise in a hybrid representation environment where the accused and his 'co-counsel' disagree on strategy," and where difficult "management issues [arise] for the trial judge[.]" *Martin* at ¶ 33. The most pressing concern, however, is that it is impossible to know "who was actually responsible for the conduct of the defense[.]" *Id*. at ¶ 34.

{¶9} Here, the trial court issued a journal entry on July 27, 2012, indicating that Rondon would be proceeding pro se, and that stand by counsel had been appointed. On August 22, 2012, stand by counsel filed a motion to dismiss on behalf of Rondon, and also took responsibility for arguing the merits of the motion at a hearing that same day. While stand by

counsel stated at the hearing that Rondon "would consent" to the appointment of stand by counsel as defense counsel, Rondon never made an affirmative statement that he wished to terminate his pro se representation. Moreover, the trial court did not inquire whether Rondon wished to terminate his right to self-representation, nor did it issue an order formally stating that Rondon had waived the right to self-representation that he had previously asserted.

{¶10} Subsequently, Rondon and stand by counsel appeared to sharply disagree regarding whether Rondon was willing to plead no contest. Stand by counsel stated, "My understanding * * * is my client * * * would plead no contest. He does not challenge the factual basis of the charges -- of the factual basis leading to the charges in the indictment. He just simply challenges the validity. For that reason he would plead no contest, if the court would accept that plea. I think in doing so he understands all the rights that he is waiving and giving up in entering a no contest plea, and he knows that the court will inquire of him at this point[.]" In response to this statement by stand by counsel, Rondon replied, "Objection. Would you please read me my rights that I'm waiving?" Moreover, Rondon did, in fact, dispute the factual nature of the charges, stating, "I['d] like to clarify that I was not carrying a weapon." When initially asked how he intended to plead to the charge of carrying a concealed handgun, Rondon responded that he did not want to enter a plea. Rondon subsequently entered pleas of "No contest under coercion" to each count in the indictment.

{¶11} Much like the circumstances the Supreme Court confronted in *Martin*, this case presents a scenario where it is difficult to decipher "who was actually responsible for the conduct of the defense[.]" *Martin* at ¶ 34. As noted above, the right to counsel and the right to proceed pro se with stand by counsel are "two rights [] independent of each other and may not be asserted simultaneously." *Martin* at ¶ 32. Despite the fact that the trial court had issued an order stating

that Rondon had invoked his right to self-representation, it was stand by counsel who filed the motion to dismiss and argued its merits before the trial court. Because stand by counsel was no longer the counsel of record, however, the motion filed on Rondon's behalf was not properly before the trial court. Moreover, while stand by counsel indicated that Rondon intended to plead no contest to the charges in the indictment, Rondon challenged the factual basis of the charges and stated that he was pleading no contest "under coercion." This Court has previously held that when it is unmistakably apparent on the face of the record that the integrity of the plea process was undermined, the plea cannot be deemed knowing, intelligent, and voluntary and it is appropriate for this Court to sua sponte vacate the plea and remand for further proceedings. *See, e.g., State v. Palm*, 9th Dist. Summit No. 22298, 2005-Ohio-1637; *State v. Smith*, 9th Dist. Lorain No. 08CA009338, 2008-Ohio-6942; *Rondon*, 2011-Ohio-4938. Thus, under the circumstances of this case, where Rondon's plea was not entered knowingly, intelligently, and voluntarily, Rondon's plea must be vacated, and this matter must be remanded.

III.

{¶12} The judgment of the Summit County Court of Common Pleas is reversed and the caused remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
DONNA J. CARR
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

JEFFREY N. JAMES, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.