[Cite as *State v. Schrock*, 2014-Ohio-1366.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-P-0064** |
| MATT M. SCHROCK, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Municipal Court, Ravenna Division, Case No. 2011 TRC 04987R.

Judgment: Sentence vacated, reversed and remanded.

*Victor V. Vigluicci,* Portage County Prosecutor and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Shubhra N. Agarwal,* 3766 Fishcreek Road, #289, Stow, OH 44224 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} In April 2011, Matt Schrock was stopped for driving 53 M.P.H. in a 35 M.P.H. zone in Franklin Township. He was charged with one count of speeding in violation of R.C. 4511.21(C), and two counts of OVI in violation of R.C. 4511.19(A)(1)(a) and 4511.10(A)(1)(d); he pleaded not guilty to all three charges. On the date of his arrest, Mr. Schrock was administered a breath test using an Intoxilyzer 8000, which registered a BAC of .096.

**{¶2}** Mr. Schrock filed a motion to suppress, challenging the warrantless stop of his vehicle and the results of the BAC test. Despite being set for hearing a number of times, no hearing on the motion to suppress was ever held and the motion was not adjudicated. In February 2012, Schrock filed a motion in limine, seeking, pursuant to Evid.R. 702(C), an order requiring the state to present evidence at a *Daubert/Miller* hearing as to the "reliability and admissibility of breath alcohol results obtained by the Intoxilyzer 8000." The state responded in opposition, arguing it was not required to present evidence to establish the general reliability of the Intoxilyzer 8000 prior to the introduction at trial of the machine's test results.

**{¶3}** The trial court granted Schrock's motion in limine. The state timely appealed the trial court's order to this court in Case No. 2012-P-0022. This court reversed the trial court and remanded the matter with instructions that the trial court "may not require the state to present evidence of the Intoxilyzer 8000's general reliability." *State v. Schrock*, 11th Dist. Portage No. 2012-P-0022, 2013-Ohio-441, ¶28. This court also stated that Schrock could challenge the reliability of his specific test results through a motion to suppress or at trial. *Id.* Mr. Schrock did not appeal this court's ruling to the Supreme Court of Ohio.

**{¶4}** On remand Schrock entered a no contest plea to the charge of operating a vehicle with a prohibited alcohol content in violation of R.C. 4511.10(A)(1)(d). At the time of the plea Schrock's counsel stated to the trial court that Schrock intended to join other appeals challenging the reliability of the Intoxilyzer 8000 pending before the Supreme Court of Ohio. The trial court accepted Schrock's no contest plea, found him

2

guilty, and sentenced him to 90 days in jail and a $750 fine. The trial court suspended 87 days of the jail sentence and $375 of the fine.

**{¶5}** At the time of his plea hearing Schrock was apparently unaware the Supreme Court of Ohio had, five days earlier, declined jurisdiction in *State v. Johnson*, 135 Ohio St.3d 1470, 2013-Ohio-2512. *Johnson* is the Portage County Municipal Court case upon which Schrock initially based his challenge to the Intoxilyzer 8000. Additionally, on the same day as Schrock's plea hearing, the Supreme Court of Ohio declined jurisdiction of two other Intoxilyzer 8000 cases in *State v. Smith*, 136 Ohio St.3d 1405, 2013-Ohio-2645 and *State v. Zoeckler*, 136 Ohio St.3d 1404, 2013-Ohio-2645. Thus, on the date of his no contest plea, the appeals which Schrock intended to join no longer existed.

**{¶6}** Mr. Schrock presents five assignments of error. They read:

**{¶7}** "[1.] The Trial Court committed reversible error and plain error in accepting Schrock's plea of no contest and in finding that his plea was knowingly, intelligently, and voluntarily made.

**{¶8}** "[2.] Schrock received ineffective assistance of trial counsel when trial counsel advised Schrock to enter a plea of no contest in order to challenge the Intoxilyzer 8000.

**{¶9}** "[3.] The trial court committed reversible and plain error in assessing court costs against Schrock without complying with R.C. 2947.23(A)(1)(A).

**{¶10}** "[4.] Schrock was denied his constitutional right to effective assistance of counsel at trial when his trial counsel failed to argue that the Trial Court's imposition of court costs under R.C. 2947.23(A)(1)(A) was defective.

3

{¶11} "[5.] The Trial Court committed reversible error in assessing fines, without any regard to Schrock's ability to pay said fines."

{¶12} Mr. Schrock relies upon *State v. Engle* for the proposition that when a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution. *State v. Engle*, 74 Ohio St.3d 525, 527 (1996), citing *Kercheval v. United States,* 274 U.S. 220, 223 (1927), *State v. Kelley,* 57 Ohio St.3d 127 (1991), and Crim.R. 11(C). The state counters that in *Engle* appellant's counsel, the judge and the prosecutor all shared the misimpression that appellant would be able to plead to a reduced charge and then appeal the trial court's adverse ruling – while in the present case the judge and assistant prosecutor evidenced no such impression.

{¶13} It is clear from the record that Mr. Schrock pleaded no contest with the mistaken belief he would be able to join the Intoxilyzer 8000 appeals pending before the Supreme Court of Ohio. And while the assistant prosecutor and the judge did not endorse this misperception, they did not correct it either. Thus, Mr. Schrock's plea was not knowingly and intelligently made. *State v. Rondon*, 9th Dist. Summit No. 25447, 2011-Ohio-4938, ¶6. Additionally, we note the state does not oppose this court remanding the matter and allowing Mr. Schrock to reconsider his decision on whether to enter a plea or proceed to trial.

{¶14} Having determined the first assignment of error has merit we find the remaining assignments of error moot, and decline to reach them. App.R. 12(A)(1)(c). Mr. Schrock's sentence is vacated, and this matter is reversed and remanded to the Portage County Municipal Court, Ravenna Division, for further proceedings consistent with this opinion.

CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

5