[Cite as *State v. Wallace*, 2015-Ohio-4222.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

TREMAYNE WALLACE

    Appellant

C.A. Nos.      14CA010609
                   14CA010610

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.     13CR087432
                  13CR088330

DECISION AND JOURNAL ENTRY

Dated: October 13, 2015

---

MOORE, Judge.

{¶1} Defendant-Appellant Tremayne Wallace appeals from the judgments of the Lorain County Court of Common Pleas. We affirm.

I.

{¶2} In August 2013, Mr. Wallace was indicted in case 13CR087432 ("case one") on one count of possession of drugs (cocaine), in violation of R.C. 2925.11(A), one count of having drug paraphernalia, in violation of R.C. 2925.14(C)(1), and one count of possession of drugs (marijuana), in violation of R.C. 2925.11(A). In December 2013, Mr. Wallace was indicted in case 13CR088330 ("case two") on one count of trafficking in drugs (cocaine), in violation of R.C. 2925.03(A)(2), along with an accompanying forfeiture specification, one count of possession of drugs (cocaine), in violation of R.C. 2925.11(A), and one count of having drug paraphernalia, in violation of R.C. 2925.14(C)(1).

{¶3} The matter proceeded to a combined plea hearing on both cases, at which time Mr. Wallace agreed to plead guilty to the indictments in both cases. The trial judge told Mr. Wallace that, "even though the State doesn't go along with this, I'm going to put you on probation. I'm not going to send you to the penitentiary." The trial judge then asked if any other promises were made, to which Mr. Wallace answered in the negative. The trial judge then accepted Mr. Wallace's plea and told him that,

> [w]e're going to give you a referral slip to go over to the Probation Department for an interview. They're going to send me a report about you beginning with your birth up to the present time. I've made a promise to you. So whatever I read in that report wouldn't matter unless I read that you weren't cooperative. That's the only thing that would hurt you, or if between now and sentence you got arrested. Other than that, we have a deal.

{¶4} Additionally, the parties and the trial judge had a somewhat confusing exchange over the money that was subject to the forfeiture specification. Ultimately, the trial judge indicated that Mr. Wallace had pleaded guilty to the forfeiture specification, but seemed to indicate that the State still would have to demonstrate at sentencing that the money was subject to forfeiture.

{¶5} Prior to sentencing, the trial judge was removed from the matter and another judge conducted the sentencing hearing. Also, a different assistant prosecutor attended the sentencing hearing, who appears to have been unaware of the details of the plea. She stated that "the [prior] judge had indicated that a community control[] sanction appeared appropriate and would be given as long as nothing else, a surprise propped up on the [presentence investigation report ("PSI")]." After looking at the record, and the PSI, the trial court merged count two of case two (the possession charge) into count one of case two (the trafficking charge). Additionally, the trial court merged count three in case one (the possession charge) into count two of case one (the drug paraphernalia charge).

**{¶6}** The sentencing trial court then commented on Mr. Wallace's extensive record and sentenced him to an aggregate term of one year in prison. Mr. Wallace's attorney pointed out that the prior judge had agreed to sentence Mr. Wallace to community control. The sentencing trial judge replied that, "[s]omething came up on the PSI[,]" and declined to reconsider the sentence. The trial court did not discuss forfeiture at sentencing, nor did Mr. Wallace's counsel object to the trial court's failure to do so.

**{¶7}** Mr. Wallace separately appealed from each sentencing entry.[1] This Court consolidated the appeals.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ABUSED ITS DISCRETION, TO THE DETRIMENT OF [MR. WALLACE], WHEN THE COURT SENTENCED [HIM] TO ONE YEAR IN PRISON RATHER THAN COMMUNITY CONTROL SANCTIONS (CCS) AS PREVIOUSLY AGREED TO BY THE TRIAL COURT.

**{¶8}** Mr. Wallace argues in his first assignment of error that the trial court erred in failing to sentence him to community control as it agreed to do. While the State concedes error, because we do not possess a complete record, we cannot say that Mr. Wallace has demonstrated that the trial court erred in sentencing him to prison.

**{¶9}** "Disposition of charges after plea discussions is not only an essential part of the process but a highly desirable part for many reasons." *Santobello v. New York*, 404 U.S. 257, 261 (1971). That process is traditionally limited to negotiations between the prosecutor and the accused and does not involve the trial judge. *See State v. Byrd*, 63 Ohio St.2d 288, 293-294 (1980). In fact, "[d]ue to the high potential for coercion when the judge participates in the actual

---

[1] 14CA010609 is an appeal from 13CR088330, case two, and 14CA010610 is an appeal from 13CR087432, case one.

negotiation process, a number of courts have indicated that such participation is per se in violation of the Fifth Amendment." *Id*. at 292. While the Ohio Supreme Court has not gone so far as to hold that a trial judge's participation in the plea negotiation process automatically renders a plea invalid, it has "strongly discourage[d] judge participation in plea negotiations[.]" *Id*. at 293. Thus, when a trial judge does participate in the plea bargaining process, that participation must be carefully scrutinized to assure that the participation did not affect the voluntariness of the defendant's plea. *Id*.

{¶10} "A plea cannot sustain a judgment of guilt unless it is voluntarily made." *State v. Cruz,* 9th Dist. Lorain No. 14CA010550, 2015-Ohio-2472, ¶ 11, quoting *State v. West*, 9th Dist. Lorain No. 04CA008554, 2005-Ohio-990, ¶ 8. "If a defendant is induced into pleading guilty based upon a promise by the court and the court does not fulfill that promise, the defendant's plea is not voluntary." *Cruz* at ¶ 11, quoting *State v. Reeves*, 9th Dist. Summit No. 27230, 2014-Ohio-5259, ¶ 6, citing *State v. Bortner*, 9th Dist. Lorain No. 13CA010494, 2014-Ohio-4121, ¶ 15.

{¶11} Here, the original trial judge told Mr. Wallace at the plea hearing that, "even though the State doesn't go along with this, I'm going to put you on probation. I'm not going to send you to the penitentiary." The trial judge then asked if any other promises were made, to which Mr. Wallace answered in the negative. The trial judge then accepted Mr. Wallace's plea and told him that,

> [w]e're going to give you a referral slip to go over to the Probation Department for an interview. They're going to send me a report about you beginning with your birth up to the present time. I've made a promise to you. So whatever I read in that report wouldn't matter unless I read that you weren't cooperative. That's the only thing that would hurt you, or if between now and sentence you got arrested. Other than that, we have a deal.

The written plea agreements included language indicating that the trial court promised to sentence him to community control.

{¶12} As noted above, a different judge conducted the sentencing hearing and a different assistant prosecutor represented the State's interests. The prosecutor unfortunately characterized the prior trial judge's promise being that Mr. Wallace would receive community control unless, "a surprise popped up on the PSI." The trial court, after examining the PSI and commenting on Mr. Wallace's long record, apparently took that evidence as being a condition that would authorize a prison term. While Mr. Wallace's counsel tried to persuade the sentencing judge otherwise, the trial court declined to reconsider the sentence.

{¶13} On appeal, the State concedes error, pointing out that the assistant prosecutor who appeared at sentencing did not accurately state the trial court's promise. While it is true that the prosecutor's statement about the prior judge's promise to Mr. Wallace was not accurate, the prior judge did require that Mr. Wallace cooperate with the probation department and not get arrested prior to sentencing in order to receive the benefit of the agreement the trial court promised. The trial court implied that he would examine the PSI to determine whether Mr. Wallace had complied with those requirements. Unfortunately, the record before this Court does not contain the PSI, and so we are unable to evaluate whether Mr. Wallace complied with the two conditions set out by the prior trial judge. If Mr. Wallace failed to do so, the sentencing trial judge would not have violated the prior judge's promise by sentencing Mr. Wallace to prison. Because, a review of the PSI is necessary for this Court to determine whether the trial court committed reversible error in sentencing Mr. Wallace to prison, and it was Mr. Wallace's burden to ensure that the record on appeal contained that document, he has not demonstrated the trial court

committed reversible error. *See State v. Vitt,* 9th Dist. Medina No. 11CA0071-M, 2012-Ohio-4438, ¶ 12.

**{¶14}** Mr. Wallace's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED TO THE DETRIMENT OF [MR.] WALLACE WHEN IT DID NOT CONSIDER THE FORFEITURE SPECIFICATION AT SENTENCING.

**{¶15}** Mr. Wallace argues in his second assignment of error that the trial court erred when it did not consider the forfeiture specification at sentencing. According to Mr. Wallace, "[t]he issue is whether the court erred by not considering the forf[ei]ture of Wallace's money at sentencing." Based on Mr. Wallace's limited argument, we do not agree.

**{¶16}** Mr. Wallace premises his argument on a discussion by the parties and the trial court at the plea hearing about forfeiture. Unfortunately, with respect to the issue of forfeiture, Mr. Wallace's plea hearing was confusing. The prosecutor informed the trial judge that Mr. Wallace was pleading guilty to the indictments; however, in discussing the charges and the penalties associated with them, the forfeiture specification was not discussed. After the trial court accepted Mr. Wallace's plea, the following discussion took place:

> [Defense counsel]: [Mr. Wallace] had some cash in his pocket they took and forfeited. I wrote on the plea sheets we didn't agree to the forfeiture. He would like that money to apply to his costs if he could.
>
> [The Court]: When we come back for sentence, we will make that determination. The money was seized from Mr. Wallace?
>
> [Defense counsel]: At the hospital.
>
> [The Court]: I'm aware of – there's been no forfeiture.
>
> [The State]: There's a forfeiture spec on there, Judge.
>
> [The Court]: There's a forfeiture spec?

[Defense counsel]:  Yes, there i[s].

[The Court]:  If the State of Ohio can prove that this comes from some unlawful means, then I won't give it back.  If the State of Ohio cannot prove that, I'm going to give it back.

[Defense counsel]:  Thank you, Judge.

[The Court]:  All right.  Good luck.  So that the guilty plea is to everything but the specification?

[Defense counsel]:  Yes.  Thank you, Judge.

[The Court]:  All right.

[Mr. Wallace]:  Thank you, sir.

[The Court]:  He has pled guilty to the forfeiture specification.  Whether we forfeit the money –

[The State]:  Your honor, the State will check with whatever department that was – I think it was EPD –

[Defense counsel]:  It would have been.

[The State]: – to see if they would be okay to have it applied to costs.

{¶17}  The matter proceeded to a sentencing hearing before a different judge.  The sentencing trial judge noted that Mr. Wallace had been convicted of a forfeiture specification.  Otherwise, the trial court did not mention forfeiture.  Mr. Wallace's counsel did not object to the lack of discussion concerning forfeiture at the sentencing hearing.

{¶18}  While there is an argument to be made that Mr. Wallace did not understand he was pleading guilty to the forfeiture specification, or that, by pleading guilty to the forfeiture specification, he was making "a complete admission of [his] guilt[,]" Crim.R. 11(B)(1), he has not made any of these arguments on appeal.  *See* App.R. 16(A)(7).  Further, while this Court has on prior occasions sua sponte concluded that, when a defendant pleads no contest to a charge based upon an understanding by all involved that the plea preserved an issue for appeal that was not actually preserved, the trial court errs in convicting a defendant of that charge, we believe

those cases are distinguishable from the current matter. *See State v. Rondon,* 9th Dist. Summit No. 25447, 2011-Ohio-4938, ¶ 6; *State v. Smith,* 9th Dist. Lorain No. 08CA009338, 2008-Ohio-6942, ¶ 9-12; *State v. Palm,* 9th Dist. Summit No. 22298, 2005-Ohio-1637, ¶ 14-15.

{¶19} In the cases cited above, involving pleas conditioned on the ability to appeal an issue, until the time of appeal the defendant would have no reason to question whether the plea preserved the issue. Here, Mr. Wallace did not condition his plea on the ability to appeal an issue; instead it appears he may have conditioned it on the ability to have the issue of forfeiture decided at the time of sentencing. Accordingly, the sentencing hearing presented Mr. Wallace with an opportunity to raise the issue. Given that there was an opportunity for Mr. Wallace to address the issue below, we are not inclined to sua sponte address issues related to his plea.

{¶20} Moreover, at the time of sentencing, when the issue could have been resolved, Mr. Wallace did not object to the trial court's failure to discuss the forfeiture specification or move to withdraw his plea. "It is a well-established rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." (Quotations omitted.) *State v. Rogers,* Slip Opinion No. 2015-Ohio-2459, ¶ 21. Thus, Mr. Wallace has forfeited all but plain error. *See id.* at ¶ 28. However, this Court "generally will not undertake a plain-error analysis if a defendant fails to do so." *State v. Thomas,* 9th Dist. Summit No. 27266, 2015-Ohio-2935, ¶ 15. As Mr. Wallace has not argued plain error on appeal, we decline to create a plain-error argument on his behalf. *See id.*

{¶21} Mr. Wallace's second assignment of error is overruled.

III.

{¶22} We affirm the judgment of the Lorain County Court of Common Pleas.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

KENNETH N. ORTNER, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.