[Cite as *State v. Palacios*, 2018-Ohio-3523.]

STATE OF OHIO       )                  IN THE COURT OF APPEALS

                         )ss:              NINTH JUDICIAL DISTRICT

COUNTY OF LORAIN    )

STATE OF OHIO                         C.A. No.     17CA011093

     Appellee

     v.                             APPEAL FROM JUDGMENT
ENTERED IN THE

JUAN T. PALACIOS                COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO

     Appellant                 CASE No.    12CR085509

DECISION AND JOURNAL ENTRY

Dated: September 4, 2018

SCHAFER, Judge.

{¶1} Appellant-Defendant Juan Palacios appeals his conviction in the Lorain County Court of Common Pleas. For the reasons that follow, this Court reverses and remands.

I.

{¶2} The parties do not dispute the facts in this case. On May 20, 2012, Trooper Deshuk of the Ohio State Highway Patrol was dispatched to a single car accident in the area of State Route 57 and I-90 West in Elyria, Ohio. Upon arrival, he observed a badly damaged vehicle resting against a tree. He testified that he feared there were serious injuries as a result of the crash because the passenger side of the vehicle was severely damaged, the vehicle was "articulated" around a tree, and the radio was blaring loudly and constantly changing stations. Trooper Deshuk also stated that he there was a strong odor of alcoholic beverage at the scene. Ultimately, the driver of the vehicle, later identified as Palacios, and his passenger were taken to the hospital. Palacios' passenger died of her injuries.

{¶3}    Trooper Deshuk did not request a search warrant to draw and test Palacios' blood, however, during the course of treatment, Palacios' blood was drawn and tested for blood alcohol content.    On May 28, 2012, Trooper Deshuk faxed a request for medical records release pursuant to R.C. 2317.02(B)(2) to the hospital where Palacios was treated.  Trooper Deshuk did not seek a search warrant in conjunction with the request.  The following day, the hospital released the results of the blood test to Trooper Deshuk.

{¶4}    The Lorain County Grand Jury subsequently indicted Palacios on the following counts: (I) aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a), a felony of the second degree; (II) aggravated vehicular homicide in violation of R.C. 2903.06(A)(2)(a), a felony of the third degree; (III) operating a vehicle under the influence of alcohol or drug of abuse in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree; and (IV) operating a vehicle with a blood alcohol content of eight-hundredths of one per cent or more but less than seventeen-hundredths of one per cent by weight per volume in violation of R.C. 4511.19(A)(1)(b), a misdemeanor of the first degree.  Palacios pleaded not guilty to the charges and the matter proceeded through the pretrial process.

{¶5}    After the trial court denied Palacios' first motion to suppress the results of the blood alcohol test, Palacios filed a second motion to suppress the results on the basis that there were obtained by Trooper Deshuk without a warrant.  The trial court ultimately denied Palacios' second motion to suppress.  Palacios subsequently changed his plea on all four counts to no contest.  The trial court found him guilty of all counts, merged count two with count one and count four with count three, and sentenced him according to law.

{¶6}    Palacios filed this timely appeal, raising one assignment of error for our review.

II.

### Assignment of Error

**The warrantless seizure of Mr. Palacios' blood draw results violated his rights under the fourth amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution[.]**

{¶7}   In his sole assignment of error, Palacios contends that the trial court erred when it denied his motion to suppress.   Specifically, Palacios contends that the Highway Patrol's warrantless seizure of his blood draw test results pursuant to R.C. 2317.02 was an unreasonable search and seizure because he had a reasonable expectation of privacy in the test results.

{¶8}   However, "[a] no contest plea generally waives the right to appeal most issues." *State v. Smith*, 9th Dist. Lorain No. 08CA009338, 2008-Ohio-6942, ¶ 3.  A plea of no contest "is an admission of the truth of the facts alleged in the indictment, information, or complaint[.]" Crim.R. 11(B)(2).  In this case, following Palacios' no contest plea to all of the charges in the indictment, the trial court merged count two, aggravated vehicular homicide by causing the death of another while operating a motor vehicle recklessly, with count one, aggravated vehicular homicide by causing the death of another while operating a motor vehicle as a proximate result of violating R.C. 4511.19 ("Operation while under the influence of alcohol or drug of abuse or with specified concentration of alcohol or drug in certain bodily substances; chemical test; penalties; underage alcohol consumption.").  The trial court then merged count four, operating a vehicle with a blood alcohol content in violation of R.C. 4511.19(A)(1)(b) with count three, operating a vehicle under the influence of alcohol or drug of abuse in violation of R.C. 4511.19(A)(1)(a).  Notably, neither count three of the indictment nor R.C. 4511.19(A)(1)(a) mention blood alcohol content.   Relevant to count three, the indictment states:

> That Juan T. Palacios, on or about May 20, 2012, at Lorain County, Ohio, did operate any vehicle, streetcar, or trackless trolley within this state, when, at the

time of the operation, their person was under the influence of alcohol, a drug of abuse, or a combination of them in violation of [R.C. 4511.19(A)(1)(a)] contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Ohio.

By pleading no contest, Palacios admitted that he operated a vehicle under the influence of alcohol, a drug of abuse, or a combination thereof. Thus, under ordinary circumstances, this Court would conclude that Palacios forfeited this argument. *See Smith* at ¶ 3.

{¶9} Nonetheless, a review of the record shows that Palacios' no contest plea was predicated on his and the trial court's assumption that he had the right to appeal the denial of his suppression motion. At the plea hearing, Palacios' counsel stated Palacios' change of plea was "no contest to preserve the appellate issues" and the trial court acknowledged that attempted preservation. Although the trial court later advised Palacios that based on his no contest plea, Palacios' rights to appeal his sentence would be limited, the trial court also stated, "I understand in this case you are definitely planning to appeal, at least on that issue of the suppression hearing," and then reminded Palacios and his counsel to be cognizant of deadlines. Then, when the trial court asked if Palacios would stipulate to the facts in the indictment to avoid a reading in open court, Palacios' counsel stated, yes, "based on the nature of the no contest plea, but obviously with reserving the right as to the blood test to file an appeal." The trial court then responded, "[r]ight[,]" before finding Palacios guilty. At the subsequent sentencing hearing, the trial court again recognized Palacios' intention to appeal by stating,

I also understand that after I sentence you today your attorney has already indicated that you will be appealing the decision I made on a motion to suppress, and that was – so there's a legal issue to be decided by a higher court, with three judges examining the ruling I made in favor of the prosecution against you that allowed evidence which is basically necessary to be able to find you guilty. * * * Then if they rule against you, the prison sentence will be imposed at that time. If they rule for you, then we'll be back here to re-examine this case.

Although the State never commented on the issue, the trial court stated that the prosecutor understood that Palacios intended to appeal. Indeed, the State does not argue in its merit brief that Palacios has forfeited the suppression issue and instead addresses the merits of his argument.

{¶10} While it is clear from the record that Palacios was left with the understanding and assumption that the issue could be decide on appeal, this assumption was erroneous. Nonetheless, "[w]hen a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). In *Engle*, the United States Supreme Court determined that a "plea was not made knowingly or intelligently because all parties, including the judge and the prosecutor, shared the impression that the defendant could appeal the trial court's rulings." *State v. Brown*, 9th Dist. Summit No. 25103, 2010-Ohio-3387, ¶ 8, citing *Engle* at 528. "Since the decision in *Engle*, this Court has consistently held that a plea is not entered knowingly and intelligently where it is predicated on an erroneous belief that the trial court's rulings are appealable." *See Brown* at ¶ 8. Additionally, this Court has consistently held under such circumstances "that when it is unmistakably apparent on the face of the record that the integrity of the plea process was undermined, the plea cannot be deemed knowing, intelligent, and voluntary and it is appropriate for this Court to sua sponte vacate the plea and remand for further proceedings." *State v. Rondon*, 9th Dist. Summit No. 26637, 2013-Ohio-4175, ¶ 11, citing *State v. Palm*, 9th Dist. Summit No. 22298, 2005-Ohio-1637; *Smith*, 2008-Ohio-6942; *State v. Rondon*, 9th Dist. Summit No. 25447, 2011-Ohio-4938; *see State v. Echard*, 9th Dist. Summit No. 24643, 2009-Ohio-6616, *compare State v. Wallace*, 9th Dist. Lorain Nos. 14CA010609, 14CA010610, 2015-Ohio-4222, ¶ 18-20 (declining to sua sponte address issues

related to the defendant's plea where the defendant did not condition his plea on the ability to appeal an issue and instead may have conditioned it on the ability to have the issue decided at the time of sentencing and the defendant failed to object to the trial court's failure to discuss the issue at that time).

**{¶11}** Therefore, "[t]his Court has no choice but to vacate the conviction and plea, and remand this case to the trial court. [Palacios] shall have the option of proceeding to trial or entering a new plea, fully advised of his rights." *Smith* at ¶ 11; *Rondon*, 2011-Ohio-4938, ¶ 6; *see Palm* at ¶ 14-15; *Echard* at ¶ 12.

III.

**{¶12}** Palacios' sole assignment of error is sustained in part. The judgment of the Lorain County Court of Common Pleas is reversed and the case is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JULIE A. SCHAFER
FOR THE COURT

CARR, J.
CONCURS.

HENSAL, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

JACK W. BRADLEY and KRISTEN M. NEIDING, Attorneys at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.